## In re PRICE.
### No. 5144.

District Court, W. D. Louisiana, Monroe Division.

Jan. 28, 1936.

L. C. Gwin, of Natchez, Miss., for debtor.

G. P. Bullis, of Vidalia, La., for Mrs. H. B. Lanneau, creditor.

Thos. M. Wade, Jr., of St. Joseph, La., for Britton & Koontz Nat. Bank of Natchez.

Arthur Taliaferro, of Harrisonburg, La., for Sheriff of Catahoula Parish.

C. G. McClary, of Monroe, La., for H. R. Hays, creditor.

C. T. Munholland, of Monroe, La., Supervising Conciliation Commissioner.

H. W. Bethard, Sr., of Harrisonburg, La., Conciliation Commissioner, Catahoula Parish.

DAWKINS, District Judge.

This matter has been greatly delayed for two reasons: First, the conciliation commissioner originally appointed and to whom it was referred was not a lawyer and died before anything of consequence was done; and, secondly, the debtor has manifested very little interest in proposing a plan for the adjustment of his affairs. In the meantime, one of the creditors with a mortgage on part of the property, without permission of the court and without notice to other creditors, proceeded by foreclosure in the state court to advertise and offer for sale the property so mortgaged, which was bid in by another creditor, the price was paid into the hands of the sheriff, and all that remained to be done when this rule was filed was for that officer to deliver the deed and pay over the money to the mortgage creditor. However, when this condition was brought to the attention of the court, a rule to show cause why those proceedings should not be vacated was issued and the sheriff directed to refrain from delivering the deed or paying out the money until further orders of this court.

The supervising conciliation commissioner for this district was directed to go to the parish where the debtor lived and his property was situated, hear the rule to vacate, and make a report of his findings

of fact and conclusions of law. This was done, the report having been filed on November 29, 1935. He found that the foreclosing creditor, her attorney, the purchaser at the sheriff's sale, and all other parties connected therewith had full knowledge of the pendency of the present proceeding, and that the debtor and his property were under the sole jurisdiction of this court. The supervising conciliation commissioner, as special master, also concluded and recommended that the foreclosure sale be set aside and that the sheriff be directed to return the money paid by the purchaser and that the property be restored to the estate of the debtor. Notice of the filing of this report was promptly given by the commissioner to all concerned and that exceptions thereto should be made within ten days. About two months have since elapsed and no exceptions or objections have been filed.

After examining the record, I agree with the findings and conclusions of the supervising conciliation commissioner, and the said sale will be set aside. The property and the debtor, as above stated, were under the exclusive jurisdiction of this court, and no proceedings against him or it, according to the express provisions of section 75 of the Bankruptcy Act, as amended (11 U.S.C.A. § 203), could be taken without its authority. It is true that the original injunction against the sale was limited to a specific period, but that did not authorize the mortgage creditor to again attempt foreclosure without permission from the bankruptcy court. See Eaves v. Glenn (D.C.) 9 F.Supp. 647; Bradford v. Fahey (C.C.A.) 76 F.(2d) 628. Former decisions, holding that where foreclosure had been instituted in a state court under a valid lien before bankruptcy, a federal court would not interfere, can have no application in view of the express provision to the contrary in this section of the Bankruptcy Law, as amended. See section 75, subds. n to p, inclusive, of the statute (11 U.S.C.A. § 203 (n–p). Since the property of the debtor was in the hands of this court, it was not necessary to institute an independent or plenary action to set aside the state court proceedings, but the same could be done by the summary method adopted in this case.

My view is that the sheriff's sale should be set aside, the deed canceled, and that officer directed to return the money to the bidder at the attempted sale, so that the title of the property may be restored to the estate of the debtor. When this has been done, then this court will entertain a motion to dismiss these proceedings in view of the failure of the debtor to make any serious efforts at adjusting his affairs with his creditors. The provisions of this act were intended to benefit an honest debtor who desired to make a reasonable proposal to his creditors for an extension or composition, and not merely to permit delay, and, unless the debtor in this case in good faith pursues this course, this court will not longer stay the hands of the creditors but permit them to assert their rights in the state court or any other appropriate tribunal.

Proper decree should be presented.