## SHERWOOD v. KITCHER.

No. 84.

Circuit Court of Appeals, Second Circuit.

Dec. 7, 1936.

Greenstein & Simons, of Bridgeport, Conn. (Sydney P. Simons, of Bridgeport, Conn., of counsel), for appellant.

John V. Donnelly, of Bridgeport, Conn., for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

L. HAND, Circuit Judge.

This is an appeal by Kitcher, the debtor, from an order in bankruptcy, dismissing his petition under section 75 of the Bankruptcy Act, as amended (11 U.S.C.A. § 203) on motion of a mortgagee. The only question is whether the petitioner was a "farmer," within the meaning of subdivision (r), as amended (11 U.S.C.A. § 203 (r). Kitcher lived upon a farm of one hundred and seventeen acres which he owned, twenty-five acres of which he worked, and from which he had at least partially supported himself until the depression. When farm products fell so low that he could no longer make a living, he took a steady job as a moulder, a trade which he had learned in his youth, and at which he had indeed worked off and on all his life. At the time he filed his petition he had been so employed for six years, working five days a week for over nine hours a day, counting his goings and comings. He also still worked on his farm, mornings, evenings, Saturdays and Sundays; but this could scarcely have amounted to more than thirty or thirty-five hours a week even in summer. For the years 1933, 1934 and 1935, his aggregate earnings as a moulder had been $4,738.96, and from the farm, nothing but such produce as he consumed; his net returns from it in cash were nil, though his gross was $4,920. The judge dismissed the petition and Kitcher appealed with our leave.

We have just decided In re Beach, 86 F. (2d) 88, following earlier decisions under section 4b, as amended, 11 U.S.C.A. § 22 (b) that a man who gives all his working hours to two or three acres of land from which he does not and cannot make a living, is not a farmer; but that if such a one receives the greater part of his income from the rent of farm lands, he is within the second clause of section 75 (r). The district judge here assumed that Kitcher would have been "primarily bona fide personally engaged" in farming, if his earnings from farming had been greater than what he earned elsewhere; but, as they had not been, he dismissed the petition. We do not wish to be understood as accepting that test; we need not say that one who gives all his time to unsuccessful farming on a large enough scale to count, is not a farmer, because he has an outside income on which he lives. In the case at bar, judged either by the hours spent or by his returns, Kitcher was not a farmer; and if there be any other test, as perhaps there may be, none has been suggested to us.

On the other hand, if we look to the second clause of section 75 (r) and interpret it, as we did in Re Beach, supra, still the petition should be dismissed, because the greater part of Kitcher's income did not come from farming operations. In this aspect of the case he asks us to count the gross return from his farm and not the net. That would falsify the statute; the seed, the manure, the tools, the draught animals, the wagons, the planters and reapers; all these and more must be paid for out of the gross return before any "income" results. It would be a meaningless test to compare the gross returns from the farming with those from another business; the result would have no relation either to the demands of the farm upon the debtor's time, or to his dependence upon it, the relevant factors. True, the statute was primarily designed to relieve unsuccessful farmers, and we have assumed arguendo that one whose principal work is bona fide farming is within it, win or lose; but if he gives the greater part of his working hours to something else, it cannot matter that the gross returns from some incidental farming exceed the net or gross of his other income. Nor can we count it that in the past Kitcher actually supported himself from his farm and was forced to become a moulder by the fall in farm products. When he escaped from the class which the statute meant to succor, he escaped; the occasion for his shift did not continue the privileges of those who were not so fortunate.

Order affirmed.