## O'CONNOR ET AL. *v.* MILLS ET AL.

No. 442. Submitted January 12, 1937.—Decided February 1, 1937.

*Mr. J. A. Tellier* submitted for petitioners.

*Mr. J. W. House* submitted for respondents.

Per Curiam.

Petitioners filed a creditors' petition under § 77B of the Bankruptcy Act proposing the reorganization of White & Black Rivers Bridge Company, a corporation. The debtor answered, seeking approval of the petition. Members of a bondholders' protective committee, holding bonds issued by the corporation, filed a response to the petition, alleging that it was not filed in good faith and asking that it be disapproved and dismissed. Petitioners replied. After allowing thirty days to afford an opportunity to ascertain the possibility of the submission of a feasible plan of reorganization, the District Court, upon hearing, dismissed the petition as insufficient to meet the requirements of § 77B.

The District Court allowed an appeal upon the giving of a bond and the appeal was perfected accordingly. The appellees moved to dismiss the appeal upon the ground that it was unauthorized by law as it had not been allowed by the Circuit Court of Appeals. That court granted the motion and the appeal was dismissed. We issued a writ of certiorari. November 16, 1936.

Paragraph (k) of § 77B provides that the other sections of the Bankruptcy Act shall apply to proceedings under § 77B, unless inconsistent with it, and that "the date of the order approving the petition or answer under this section shall be taken to be the date of adjudication, and such order shall have the same consequences and effect as an order of adjudication." The effect of this provision is to make §§ 24 and 25 of the Bankruptcy Act applicable to appeals from orders and judgments entered in proceedings under § 77B.

Section 25 (a) provides that appeals, as in equity cases, may be taken in bankruptcy proceedings from the courts of bankruptcy to the circuit courts of appeals in the cases enumerated, the first of which is—"from a judgment adjudging or refusing to adjudge the defendant

a bankrupt." While paragraph (k) refers to "the order approving the petition or answer" under § 77B, which is to have "the same consequences and effect as an order of adjudication," we think that to carry out the manifest intent of the statute, an order disapproving the petition or answer under § 77B should have the same effect for the purpose of appeal as an order refusing adjudication. Interpreting the statute in that sense, we said in *Meyer* v. *Kenmore Hotel Co.,* 297 U. S. 160, 163, 164:

"The appeal provisions of §§ 24 and 25 of the Bankruptcy Act are thus made applicable to orders entered in the course of a reorganization proceeding, and an order approving or disapproving a petition for reorganization is made the equivalent, at least for purposes of an appeal under § 25 (a), of a judgment adjudging or refusing to adjudge the defendant a bankrupt. By § 24 (a) and (b) appeals in 'proceedings' in bankruptcy, as distinguished from appeals in 'controversies arising in bankruptcy,' may be taken only on leave granted in the discretion of the appellate court, except that in the cases enumerated in § 25 (a), including, in clause (1), 'a judgment adjudging or refusing to adjudge the defendant a bankrupt,' an appeal may be taken as of right."

The instant case is not one where the petition had been approved and the appeal was from a subsequent order denying an application to dismiss the proceeding or from an order confirming or refusing to confirm a plan of reorganization. See *Meyer* v. *Kenmore Hotel Co., supra,* pp. 161, 162, 164, 166; *Humphrey* v. *Bankers Mortgage Co.,* 79 F. (2d) 345, 349, 350. The appeal is from a judgment which disapproved and dismissed the petition and should be treated as in the same category as an appeal from a judgment refusing to adjudicate the defendant a bankrupt and hence as appealable under

§ 25 (a). The Circuit Court of Appeals should have entertained the appeal and disposed of it upon the merits.

The order of the Circuit Court of Appeals is reversed and the cause is remanded for further proceedings in conformity with this opinion.

*Reversed.*