## DILLER v. SHOEMAKER et al.

### No. 8092.

**Circuit Court of Appeals, Ninth Circuit.**

**May 4, 1937.**

Harry Graham Balter, of Los Angeles, Cal., for appellant.

John L. Rowland and Bauer, Macdonald, Schultheis & Pettit, all of Los Angeles, Cal., for appellees John Hancock Mut. Life Ins. Co. and California Trust Co.

Robert Mack Light, of San Bernardino, Cal., for appellee Shoemaker.

Before DENMAN and MATHEWS, Circuit Judges, and NETERER, District Judge.

MATHEWS, Circuit Judge.

This appeal is from an order dismissing a proceeding under section 75 of the Bankruptcy Act, as amended (11 U.S.C.A. § 203).

Section 75, comprising subsections (a) to (r), inclusive, was added to the Bankruptcy Act by the Act of March 3, 1933, c. 204, § 1, 47 Stat. 1470–1473. Subsections (a) and (b) were amended by the Act of June 7, 1934, c. 424, §§ 8 and 9, 48 Stat. 925. Subsection (s) was added to section 75 by the Frazier-Lemke Act of June 28, 1934, c. 869, 48 Stat. 1289–1291. Subsection (r) was amended by the Act of May 15, 1935, c. 114, § 3, 49 Stat. 246. Subsections (b), (g), (k), (n), (p), and (s) were amended by the new Frazier-Lemke Act, August 28, 1935, c. 792, §§ 1-6, 49 Stat. 942–945.

Appellant commenced this proceeding on September 14, 1934, by filing a petition praying for relief under subsections (a) to (r), inclusive, of section 75, supra.[1] Having failed to obtain acceptance of his composition or extension proposal, appellant on March 4, 1935, filed an amended petition, praying to be adjudged a bankrupt, pursuant to subsection (s), as it then existed (Fra-

---

[1] Subsection (c) provides: "At any time within five years after this section takes effect [March 3, 1933], a petition may be filed by any farmer, stating that the farmer is insolvent or unable to meet his debts as they mature, and that it is desirable to effect a composition or an extension of time to pay his debts." 47 Stat. 1471 (11 U.S.C.A. § 203(c).

Subsection (e) provides: "After the filing of the petition and prior to the confirmation or other disposition of the composition or extension proposal by the court, the court shall exercise such control over the property of the farmer as the court deems in the best interests of the farmer and his creditors." 47 Stat. 1471 (11 U.S.C.A. § 203(e).

Subsection (g) provides: "An application for the confirmation of a composition or extension proposal may be filed in the court of bankruptcy after, but not before, it has been accepted in writing, by a majority in number of all creditors whose claims have been allowed, including secured creditors whose claims are affected, which number shall represent a majority in amount of such claims." 49 Stat. 942 (11 U.S.C.A. § 203(g).

Subsection (i) provides: "The court shall confirm the proposal if satisfied that (1) it includes an equitable and feasible method of liquidation for secured creditors and of financial rehabilitation for the farmer; (2) it is for the best interests of all creditors; and (3) the offer and its acceptance are in good faith, and have not been made or procured except as herein provided, or by any means, promises, or acts herein forbidden." 47 Stat. 1472 (11 U.S.C.A. § 203(i).

zier-Lemke Act of June 28, 1934.[2] Thereupon, on March 4, 1935, the District Court made such order of adjudication and, on the same day, referred the matter to a referee in bankruptcy.

On May 27, 1935, while this matter was pending before the referee, the Supreme Court, in Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106, held that subsection (s) of section 75 (Frazier-Lemke Act of June 28, 1934) was unconstitutional. On June 3, 1935, appellee Shoemaker[3] filed a motion to dismiss this proceeding, on the ground of the unconstitutionality of subsection (s), and thereafter, on the same day, without notice to appellant, the referee granted said motion.

On June 24, 1935, appellant filed a second amended petition, praying (1) that this proceeding, in so far as affected by subsection (s) of section 75 (Frazier-Lemke Act of June'28, 1934), be dismissed, and (2) that appellant be given ninety days "within which to attempt to effect a compromise and adjustment of his obligations to his creditors under the terms and provisions of section 75," meaning of course, the provisions contained in subsections (a) to (r), inclusive. Thereafter, on June 24, 1935, the court granted said petition. On July 24, 1935, appellee Shoemaker again petitioned the court to dismiss the proceeding. The court on September 5, 1935, denied Shoemaker's petition, but without prejudice to a renewal thereof.

On August 28, 1935, subsection (s) of section 75 was amended by the new Frazier-Lemke Act, § 6, supra (11 U.S.C.A. § 203 (s). Having again failed to obtain acceptance of his composition or extension proposal, appellant on September 19, 1935, filed a third amended petition, praying to be adjudged a bankrupt, pursuant to subsection (s), as amended by the new Frazier-Lemke Act.[4] The District Court made such order of adjudication on September 21, 1935.

On November 19, 1935, Shoemaker filed a supplemental petition, praying dismissal of the proceeding on the ground that subsection (s) of section 75, as amended by the Frazier-Lemke Act of August 28, 1935, was unconstitutional. On that ground alone, the District Court on January 4, 1936, granted Shoemaker's petition and dismissed the proceeding. This appeal followed.

Since this appeal was heard, the Supreme Court has, in Wright v. Vinton Branch of Mountain Trust Bank (U.S.) 57 S.Ct. 556, 81 L.Ed. ——, decided March 29, 1937, held that subsection (s) of section 75, as amended by the new Frazier-Lemke Act, is constitutional. Thus the ground on which the District Court dismissed this proceeding is now seen to be untenable.

Appellee Shoemaker contends, however, that the dismissal should be upheld on the ground that no validly initiated proceeding was pending before the District Court on September 19, 1935, when appellant filed his third amended petition, praying to be adjudged a bankrupt, under and pursuant to subsection (s), as amended, and that, therefore, the District Court had no authority to entertain said amended petition. There is no merit in this contention. Paragraph (5) of subsection (s), as amended, provides: "This Act [title] shall be held to apply to all existing cases now pending in any Federal court, under this Act [title], as well as to future cases; and all cases that have been dismissed by any conciliation commissioner, referee, or court because of the Supreme Court decision holding the former subsection (s) unconstitutional, shall be promptly reinstated, without any additional filing fees or charges." 49 Stat. 945 (11 U. S.C.A. § 203(s) (5).

Although, as claimed by Shoemaker, this proceeding, in so far as it was a proceeding under subsection (s) of section 75 (Frazier-Lemke Act of June 28, 1934), was dismissed prior to September 19, 1935, such dismissal was because of the Supreme Court's decision holding said subsection (s) unconstitutional. Consequently, the proceeding could be and was reinstated by the

---

[2] Subsection (s), as it then existed, provided: "Any farmer failing to obtain the acceptance of a majority in number and amount of all creditors whose claims are affected by a composition or extension proposal, or if he feels aggrieved by the composition or extension, may amend his petition * * * asking to be adjudged a bankrupt." 48 Stat. 1289.

[3] Appellees are the holders of promissory notes secured by trust deeds covering real property owned by appellant.

[4] Subsection (s), as amended, provides: "Any farmer failing to obtain the acceptance of a majority in number and amount of all creditors whose claims are affected by a composition and/or extension proposal, or if he feels aggrieved by the composition and/or extension, may amend his petition, . . . asking to be adjudged a bankrupt."

filing of appellant's third amended petition.

Other grounds of dismissal urged by appellees are (1) that this proceeding was not commenced or prosecuted in good faith; (2) that the relation of debtor and creditor does not exist between appellant and appellees; and (3) that subsection (s) of section 75, as amended by the new Frazier-Lemke Act, is inapplicable to the situation presented by the facts of this case. These grounds were not considered or passed on by the District Court and are, therefore, not considered by this court.

Order reversed, and case remanded for further proceedings in conformity with this opinion.