GRIFFITH et al. v. EQUITABLE LIFE ASSUR. SOC. OF THE UNITED STATES.

No. 10821.

Circuit Court of Appeals, Eighth Circuit.

June 28, 1937.

Rehearing Denied July 26, 1937.

Louis Kranitz, of St. Joseph, Mo. (Kranitz & Duncan, of St. Joseph, Mo., on the brief), for appellants.

Frank P. Barker, of Kansas City, Mo. (Winger, Reeder, Barker & Hazard, of Kansas City, Mo., on the brief), for appellee.

Before SANBORN and THOMAS, Circuit Judges, and MUNGER, District Judge.

THOMAS, Circuit Judge.

On December 14, 1935, the debtors filed their petition and schedules for relief under section 75 of the Bankruptcy Act (as amended, 11 U.S.C.A. § 203). The petition was approved and referred by the District Court to the Conciliation Commissioner. This proceeding passed through the composition provisions of subsections (a) to (r); 11 U.S.C.A. § 203 (a–r) without success and, upon an amended petition, the debtors were adjudged bankrupt under subsection (s) of section 75 (as amended, 11 U.S.C.A. § 203 (s). The case was again referred to the Commissioner. Thereafter the appellee, holder of a first lien deed of trust upon land of appellant debtors, filed its petition to dismiss the proceeding. Thereupon, the lower court dismissed the proceeding "so far as it affects the property described in said deed of trust" on the ground that said "subsection 75 (s) is unconstitutional as being in contravention of the Fifth Amendment of the Federal Constitution." From that order this appeal was taken.

The appellee had originally filed a motion to dismiss the appeal because leave was not obtained from this court under section 24b of the Bankruptcy Act (as amended, 11 U.S.C.A. § 47 (b). On oral argument the appellee, in open court, withdrew its motion to dismiss. However, following the decision of the Supreme Court in Wright v. Vinton Branch of Mountain Trust Bank of Roanoke, Va., 57 S.Ct. 556, 81 L.Ed. 736, decided March 29, 1937, wherein said act was held to be constitutional, the appellee applied to this court for permission to reinstate its motion to dismiss. An order was thereupon entered reinstating the motion.

Had the order appealed from been a refusal to adjudicate the appellants bankrupt under subsection (s) of section 75, appeal might have been taken under section 25a, as amended (11 U.S.C.A. § 48 (a) as a matter of right. Subsection (n) of section 75 (as amended, 11 U.S.C.A. § 203 (n); Wright v. Vinton Branch of Mountain Trust Bank (C.C.A.4) 85 F.(2d) 973, 976, reversed on other grounds 57 S. Ct. 556, 81 L.Ed. 736, supra; see, also, O'Connor v. Mills, 300 U.S. 26, 57 S.Ct. 381, 81 L.Ed. 483. Where, however, the adjudication is actually made and a sub-

sequent order sets aside the adjudication and dismisses the petition upon which the adjudication is based, it is held, upon the authority of Vallely v. Northern F. & M. Ins. Co., 254 U.S. 348, 41 S.Ct. 116, 65 L.Ed. 297, that such dismissal is not a judgment refusing to adjudge the debtor a bankrupt, and, therefore, an appeal from such an order must be allowed by this court under section 24b and not by the District Court under section 25a, In re Combs et al. (C.C.A.2) 88 F.(2d) 417; Wilkerson v. Cooch (C.C.A.9) 78 F.(2d) 311, no distinction being drawn between an order denying an application to dismiss the proceeding, which is a mere proceeding in bankruptcy, Meyer v. Kenmore Hotel Co., 297 U.S. 160, 164, 56 S.Ct. 405, 407, 80 L.Ed. 557; Humphrey v. Bankers Mortgage Co. (C.C.A.10) 79 F.(2d) 345, 349, 350, and an order whereby the proceeding is dismissed. St. Louis Can Co. v. General American Life Ins. Co. (C.C.A.8) 77 F.(2d) 598, certiorari granted 296 U.S. 557, 56 S.Ct. 104, 80 L.Ed. 393, dismissed by counsel 296 U.S. 660, 56 S.Ct. 305, 80 L.Ed. 470.

Upon the authority of the foregoing decisions the motion to dismiss the appeal must be and it is sustained, without prejudice, however, to any right which the appellants may still possess to apply to the court below for any relief to which they may be entitled.

Appeal dismissed.