## COWHERD v. PHOENIX JOINT STOCK LAND BANK OF KANSAS CITY et al.

### No. 10901.

Circuit Court of Appeals, Eighth Circuit.

Jan. 22, 1938.

W. A. Franken, of Carrollton, Mo., for appellant.

John F. Reinhardt, of Kansas City, Mo., for appellees.

Before STONE, WOODROUGH, and VAN VALKENBURGH, Circuit Judges.

VAN VALKENBURGH, Circuit Judge.

This is an appeal from a judgment dismissing appellant's amended petition filed under subsection (s) of section 75 of the Bankruptcy Act, as amended August 28, 1935, 11 U.S.C.A. § 203 (s). August 7, 1936, appellant filed his petition under said section 75 of the act. A conciliation commissioner was appointed and October 12, 1936, appellant filed his offer of composition or extension. February 6, 1937, the conciliation commissioner reported to the court that the debtor was unable to effect a compromise or extension with his creditors, and, upon his application, the commissioner accordingly was discharged. On the same date appellant filed in said court his amended petition under section 75 (s) asking that he be adjudged a bankrupt. February 12, 1937, appellee Phoenix Joint Stock Land Bank of Kansas City filed its petition praying that appellant's said amended petition be dismissed. This petition contained a number of grounds upon which the dismissal was prayed, among them that subsection (s) of section 75 of the Bankruptcy Act as amended August 28, 1935, is unconstitutional and void.

February 13, 1937, the District Court filed an order dismissing appellant's petition solely on the ground that subsection (s), as amended, was unconstitutional, null, and void. March 9, 1937, said court filed an order as an amendment to, and substitute for, that of February 13, 1937. This latter order, made a part of the record by stipulation, recited that:

"The court being fully advised in the premises, does sustain said petition of said Phoenix Joint Stock Land Bank of Kansas City, a corporation, on the ground only that subsection (s) of section 75 of the Bankruptcy Act, as amended, under and pursuant to which said debtor's amended petition is filed, and which said amended petition invokes, is unconstitutional, null and void, it being expressly understood, however, that the other grounds for the dismissal of the amended petition filed by debtor herein, as raised by the verified petition of the Phoenix Joint Stock Land Bank of Kansas City, a corporation, to dismiss, are not presented and argued and the court hereby reserves

jurisdiction for the determination of those grounds.

"It Is, Therefore, Considered, Ordered, Adjudged and Decreed that said amended petition filed by said Edgar Cowherd, Debtor, be and the same is hereby dismissed."

It is from this order of dismissal that this appeal is taken, having been allowed by the District Court under the provisions of section 25a, as amended, 11 U.S.C.A. § 48 (a), as in substance an appeal from a judgment refusing to adjudicate the petitioner a bankrupt.

The questions presented as viewed by appellant are: (1) Was the appeal properly allowed, and (2) Is subsection (s) of section 75 of the Bankruptcy Act constitutional?

Counsel for appellees restates and insists upon three grounds for their objection to the adjudication in the District Court: (1) That section 75 (s) is unconstitutional as applied to the facts in this case; (2) that the debtor has made no proper offer in composition under subsections (a) to (r), 11 U.S.C.A. § 203 (a to r) and, therefore, was not entitled to be adjudged a bankrupt; and (3) that there was no equity in the security, that the debtor had no reasonable hope of financial rehabilitation, and, therefore, was not entitled to be adjudged a bankrupt.

The legal questions presented are not difficult of solution in view of recent authoritative decisions by the Supreme Court. At the time this order was entered by the District Court this subsection had been declared unconstitutional, as applied to facts here under consideration, by two Circuit Courts of Appeals. United States National Bank of Omaha v. Pamp, 8 Cir., 83 F.2d 493, and Wright v. Vinton Branch of Mountain Trust Bank of Roanoke, 4 Cir., 85 F. 2d 973. On certiorari in the latter case the Supreme Court, March 29, 1937, declared this amendment to the Frazier-Lemke Act, 11 U.S.C.A. § 203 (s), constitutional, Wright v. Vinton Branch of Mountain Trust Bank of Roanoke, 300 U.S. 440, 57 S.Ct. 556, 81 L.Ed. 736, and thereby the ground assigned by the trial judge for the dismissal of the debtor's petition in this case is necessarily disapproved. Counsel for appellees, however, argues that, upon the other grounds assigned in support of the dismissal, the judgment below should be affirmed.

As a general rule, on appeal from an order dismissing a debtor's proceeding in bankruptcy, grounds not considered by the District Court are not entertained by Circuit Courts of Appeals. Diller v. Shoemaker, 9 Cir., 90 F.2d 98. But especially is this true where the trial court, as in this instance, has explicitly confined its action to the constitutional question involved, stating that "the other grounds for the dismissal of the amended petition filed by debtor herein, as raised by the verified petition of the Phoenix Joint Stock Land Bank of Kansas City, a corporation, to dismiss, are not presented and argued and the court hereby reserves jurisdiction for the determination of these grounds." Furthermore, this court has before it no record which would justify its determination of those reserved questions in any event.

The judgment of the District Court disapproving and dismissing the debtor's petition "is in the same category, for the purposes of appeal, as a judgment refusing to adjudge the defendant a bankrupt," O'Connor v. Mills, 300 U.S. 26, 57 S.Ct. 381, 81 L.Ed. 483; Griffith et al. v. Equitable Life Assurance Society of United States, 8 Cir., 91 F.2d 9, and therefore is appealable as of right under section 25a, as amended, 11 U.S.C.A. § 48 (a).

It follows that the judgment must be reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

It is so ordered.