**ACKERT et al. v. BALTIMORE & O. R. CO.**

**GETZ et al. v. SAME.**

**HARVARD STATE BANK v. SAME.**

Nos. 4716–4718.

Circuit Court of Appeals, Fourth Circuit.

Nov. 12, 1940.

Writ of Certiorari Denied Jan. 6, 1941.

See 61 S.Ct. 442, 85 L.Ed. ——.

George D. Gibson and Henry W. Anderson, both of Richmond, Va. (John J. Cornwell, of Baltimore, Md., and Carl A. De-Gersdorff and Leonard D. Adkins, both of New York City, on the brief), in support of motions.

Harold C. Ackert, pro se, and John W. Giesecke, pro se, both of St. Louis, Mo., and Meyer Abrams, of Chicago, Ill. (Gersh I. Moss, of Baltimore, Md., on the brief), in opposition to motions.

Before SOPER, and NORTHCOTT, Circuit Judges, and POLLARD, District Judge.

**456**

SOPER, Circuit Judge.

The Baltimore and Ohio Railroad Company, appellee, moves the court to docket and dismiss companion appeals from orders of the District Court passed in a proceeding wherein on November 8, 1939, a voluntary plan of financial readjustment proposed by the Railroad Company was approved under the provisions of Chapter XV of the Bankruptcy Act, 11 U.S.C.A. § 1200 et seq. See In re Baltimore & Ohio Railroad Company, D.C., 29 F.Supp. 608.

In cases Nos. 4716 and 4717, the appeals were taken from a subsequent order of August 3, 1940, whereby the court, being of the opinion that it was without authority in the premises, denied the petition of the appellants that the Railroad Company be directed to compensate them for services rendered and expenses incurred while acting as attorneys for certain intervening creditors. See In re Baltimore & Ohio Railroad Company, 34 F.Supp. 154, 160.

In case No. 4718, the appeal was taken from an order of September 28, 1940, whereby the court denied the motion of a holder of certain secured notes, issued by the Railroad Company, to vacate a provision of its decree of November 8, 1939, and of its orders of August 3, 1940. Thereby the court had instructed the trustee in the indenture, executed to secure the payment of the notes, to pay to the Railroad Company certain dividends held by the trustee as collateral security for the notes. The ground of the appeal is that the court was without jurisdiction in this proceeding to construe the trust indenture and give instructions to the trustee. See In re Baltimore & Ohio Railroad Company, D.C., 34 F.Supp. 154, 161.

Chapter XV of the Bankruptcy Act was approved July 28, 1939, 53 Stat. 1134, as an amendment to the National Bankruptcy Act. It provides, among other things, that any railroad corporation which, at the time of the filing of its petition, is not and for ten years prior thereto has not been in equity receivership or in process of reorganization under § 77 of the Bankruptcy Act, 11 U.S.C.A. § 205, may file in the appropriate United States District Court a petition, accompanied by a plan, for the readjustment of its debts; and if it is shown to the satisfaction of the court, among other things, that the plan has been approved by the Interstate Commerce Commission and by creditors holding certain percentages of the amount of claims affected by the plan, the court may enter a decree approving the plan and file an opinion setting forth its conclusions and its reasons therefor.

The act provides for the convening of a special court of three judges to conduct the proceeding, as follows: "§ 713 [1213]. Immediately following the filing of the petition, there shall be convened a special court of three judges in the manner provided by section 266 [380], as amended, of the Judicial Code [Title 28], and thereafter all proceedings relative to such plan or any modification thereof shall be conducted before such court. Such three-judge court shall be vested with and shall exercise all the powers of a district court sitting in equity and all the powers as a court of bankruptcy necessary to carry out the intent and provisions of this chapter, including the classification of claims at such time and in such manner as the court may direct."

The act does not provide for an appeal from the decree of the court; but the Supreme Court of the United States is empowered in its discretion to review the decree by § 745, which is as follows: "§ 745 [1245]. Any final order or decree of the special court may be reviewed by the Supreme Court of the United States upon application for certiorari made by any person affected by the plan who deems himself aggrieved within sixty days after the entry of such order or decree, pursuant to the provisions of the Federal Judicial Code."

Proceeding under the last-mentioned section, the parties aggrieved by the decree of November 8, 1939, confirming the plan of readjustment, petitioned the Supreme Court for a writ of certiorari, but the petition was denied, 309 U.S. 654, 60 S.Ct. 470, 84 L.Ed. 1003; and an application for rehearing was also denied, 309 U.S. 697, 60 S.Ct. 709, 84 L.Ed. 1036. No application for certiorari to review the orders of August 3, 1940, or the order of September 28, 1940, was filed by any of the appellants.

■ The appellants chiefly rely upon the provisions of §§ 24 and 25 of the Bankruptcy Act, as amended, 11 U.S.C.A. §§ 47 and 48, to support the jurisdiction of this court to entertain their appeals. These sections invest the Circuit Courts of Appeals with appellate jurisdiction from the courts of bankruptcy in proceedings and controversies to review matters of law and

fact.[1] It is pointed out that these sections have been held to apply not only to ordinary bankruptcy proceedings, but also to reorganization proceedings under former § 77B, 11 U.S.C.A. § 207, and under Chapter X of the Act of June 22, 1938, 11 U.S.C.A. § 501 et seq. Meyer v. Kenmore Hotel Co., 297 U.S. 160, 163, 56 S.Ct. 405, 80 L.Ed. 557; O'Connor v. Mills, 300 U.S. 26-27, 57 S.Ct. 381, 81 L.Ed. 483; Dickinson Industrial Site v. Cowan, 309 U.S. 382, 60 S.Ct. 595, 84 L.Ed. 819. These cases, however, do not support the appellants' position, because Congress took pains to provide in § 77B, sub. k, that all other provisions of the act shall apply to reorganization proceedings under § 77B, except such as were inconsistent with the provisions of that section; and similar provision was made in the subsequent amendments to the Bankruptcy Act contained in Chapters X, XI, XII and XIII, whereby it was expressly provided that the provisions of Chapters 1 to 7, inclusive, of the Bankruptcy Act should apply to proceedings under the respective chapters. See 11 U.S.C.A. §§ 502, 702, 802 and 1002. The omission of a similar provision in Chapter XV is significant. The only reference therein to the general sections of the Bankruptcy·Act is found in the provision of § 713 that the special court of three judges, convened to conduct the proceeding, shall be vested with all the powers of a court of bankruptcy necessary to carry out the intent and provisions of the chapter; but this provision relates to the powers of the special court and has no bearing upon appeals from its actions, or upon the jurisdiction of the Circuit Courts of Appeals to review its orders or decrees. It is noteworthy that the special court is to be convened in the manner described in § 266 of the Judicial Code, 28 U.S.C.A. § 380, but the provision for appeal to the Supreme Court contained in that section is omitted.

The omission from Chapter XV of all reference to sections of the Bankruptcy Act granting appeals to the Circuit Court of Appeals is easily understandable in view of the character of the special District Court required by the chapter. It is constituted in the manner provided by § 266 of the Judicial Code, as amended, 28 U.S.C.A. § 380, that is, it consists of three judges, one of whom must be a justice of the Supreme Court or a Circuit Judge. Therefore, as Chief Justice Taft pointed out in 35 Yale Law Journal, 1, 5–6, it might constitute a Circuit Court of Appeals and is to be ranked with that court in the weight of its conclusions. The need of a review of its decrees is not so apparent as when the District Court is composed of a single judge; and accordingly, we find that it has been the settled policy of Congress, in acts which require the setting up of three-judge courts in special circumstances to provide only for a direct appeal to the Supreme Court itself. This was done in § 266 of the Judicial Code, and under it the appeal to the Supreme Court has been held to be exclusive. Jackson v. Cravens, 5 Cir., 238 F. 117; Brucker v. Fisher, 6 Cir., 49 F.2d 759.[2]

Under Chapter XV a litigant is not altogether without an opportunity to review the decree or order of the special court, for, as we have seen, § 745 provides

[1] Reference is also made to § 128(a) of the Judicial Code, 28 U.S.C.A. § 225 (a), wherein the Circuit Courts of Appeals are given general appellate jurisdiction to review final decisions of the District Courts in all cases save where a direct review of the decision may be had in the Supreme Court under § 238 of the Judicial Code, 11 U.S.C.A. § 345; but it is obvious that the jurisdiction of this court on appeals in bankruptcy cases must be determined by the special provisions of the bankruptcy statute.

[2] Provision for direct appeal to the Supreme Court is found in other statutes requiring a three-judge court. See 28 U.S.C.A. § 380a, which regulates the procedure when an interlocutory or permanent injunction restraining the enforcement of an act of Congress is sought; 28 U.S.C.A. §§ 47 and 47a, relating to interlocutory injunctions restraining the enforcement of an order of the Interstate Commerce Commission; 7 U.S.C.A. § 217 and 7 U.S.C.A. § 499k, relating to proceedings to set aside orders of the Secretary of Agriculture; 46 U.S.C.A. §§ 830 and 1114, relating to the orders of the Maritime Commission; 47 U.S.C.A. § 401(d) and 402(a), relating to orders of the Communication Commission; 15 U.S.C.A. §§ 28 and 29, relating to suits by the Attorney General under the anti trust laws; 49 U.S.C.A. §§ 44 and 45, relating to actions by the Attorney General to enforce the orders of the Interstate Commerce Commission. See, also, the statutes listed in 28 U.S.C.A. § 345 which provide for direct appeal to the Supreme Court.

that any person affected by the plan who deems himself aggrieved, may make application for certiorari to the Supreme Court of the United States. This is not so sweeping as the absolute right of direct appeal, but it is equivalent to the right of review ordinarily accorded to parties aggrieved by judgments of the Circuit Courts of Appeals where constitutional questions are not involved. Moreover, it is broad enough to cover the case of any person aggrieved by the plan. In any event, it was deemed by Congress to be a sufficient review of the actions of the District Court in the restricted field outlined in Chapter XV. An examination of the chapter discloses that the object of Congress was to provide a speedy and effective procedure for the financial readjustment of railroad corporations temporarily unable to meet the claims against them at the time the act was passed. Thus it is provided by § 713 that immediately following the filing of the petition, there shall be convened a special court of three judges, and by § 714 that such court, after hearing, shall promptly enter an order approving the petition; and by § 727 that if the plan shall not have been confirmed by the special court within one year from the date of filing of petition, the proceeding shall be dismissed unless confirmation of the plan is in immediate prospect. The limited scope of the act is evident from the provisions of § 755 which provides that the jurisdiction conferred upon the court by the chapter shall not be exercised after July 31, 1940, except in respect of any proceeding initiated by filing a petition on or before that date. Thus the life of the act was limited to a period of one year. These provisions evidently contemplate swift action on the part of the court; and when in addition we note the provision in the act for a special court of three judges and the significant omission of all reference to an appeal to the Circuit Court of Appeals, the intent of Congress that the decision of the court shall be final, subject only to discretionary review by the Supreme Court of the United States, becomes unmistakably clear.

■ The appellants in cases Nos. 4716 and 4717 complain that this construction of the act leaves them without any opportunity of review whatsoever, because § 745 is limited to an application for a writ of certiorari by "any person affected by the plan who deems himself aggrieved"; and,

it is said, this language does not cover a person aggrieved by the denial of counsel fees that form no part of the plan. Assuming that this narrow construction of the section is correct, it does not follow that an appeal lies to the Circuit Court of Appeals. While an appeal from the decree of a District Court is a customary statutory procedure, it exists only by grace of the statute and not otherwise. The mere fact that the interests of a person are adversely affected by a decree of court does not give him a right of appeal. Bradford v. Southern R. Co., 195 U.S. 243, 250, 25 S. Ct. 55, 49 L.Ed. 178; In re Philadelphia & Reading Coal & Iron Co., 3 Cir., 103 F.2d 901; Burns v. Ender Coal & Coke Co., 7 Cir., 104 F.2d 964; In re Haytian Corp. of America, 2 Cir., 112 F.2d 146, 147.

■ The appellant in No. 4718 further contends that it has the right to appeal from the order of the court insofar as it defines the duties of the trustee under the deed of trust above referred to, because the court was without jurisdiction over such a matter in a proceeding under Chapter XV. The court decided that it had jurisdiction in the premises; but assuming the contrary, the appellant advances an additional argument to support the appellate jurisdiction of this court based on certain decisions relating to the jurisdiction of the Supreme Court over appeals from the judgments of three-judge courts. Oklahoma Gas Co. v. Packing Co., 292 U.S. 386, 54 S.Ct. 732, 78 L.Ed. 1318; Wilentz v. Sovereign Camp, 306 U.S. 573, 59 S.Ct. 709, 83 L.Ed. 994. These were cases under § 266 of the Judicial Code, 28 U.S.C.A. § 380, which prescribes the procedure that is to be invoked, that is, the convening of a three-judge court with a direct appeal to the Supreme Court, when the object of the suit is to restrain an action of state officers. It transpired in these cases that no relief was actually sought against state officers, and hence it was held that there was no occasion for the convening of a three-judge court and no ground for appeal to the Supreme Court. Therefore, the appeals were dismissed and the cases were remanded to the District Court for appropriate action. See, also, Jameson & Co. v. Morganthau, 307 U.S. 171, 59 S.Ct. 804, 83 L.Ed. 1189. But these cases are distinguishable from the pending case in which the jurisdiction of the three-judge court to conduct the readjustment proceeding is conceded. The conclusions of

such a tribunal are not reviewable in the absence of statutory authority therefor, merely because they are erroneous, or involve some minor matter beyond the jurisdiction; although in the latter respect, they may be open to collateral attack. Cf. the decisions in the case of the Illinois Bell Telephone Company as follows: Berman v. Illinois Bell Co., 304 U.S. 549, 58 S.Ct. 1049, 82 L.Ed. 1521; Illinois Bell Co. v. Slattery, 7 Cir., 98 F.2d 930 and 102 F.2d 58.

We conclude that Congress provided in Chapter XV of the Bankruptcy Act a new and special procedure, complete in itself, and limited to a particular class of cases; and that the only permissible review of a decree or order of a three-judge court convened thereunder is that conferred upon the Supreme Court in its discretion to grant a writ of certiorari to any person affected by the plan who deems himself aggrieved thereby.

The motions to docket and dismiss the appeals will be granted.