## BRADFORD *v.* SOUTHERN RAILWAY COMPANY.

CERTIFICATE FROM THE UNITED STATES CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

No. 151.  Submitted October 19, 1904.—Decided November 28, 1904.

The act of July 20, 1892, providing when a plaintiff may sue as a poor person, does not apply to appellate proceedings.

Federal appellate courts have no power to permit prosecutions *in forma pauperis* in the absence of a statute.

THIS case is brought here on the following certificate:

"This was an action of tort. . The plaintiff was a citizen of Tennessee, and the defendant a corporation organized under the laws of Virginia.  The jurisdiction of the court below was wholly dependent upon diversity of citizenship.  There was a jury and verdict against the plaintiff in error and a judgment accordingly.

"The plaintiff in error sued out this writ of error, and has lodged with the clerk of this court, within the time required by law, a full transcript of the record in the court below.  The

clerk refusing to docket same unless the plaintiff would deposit with him the sum of thirty-five dollars, as security for taxable costs as required by rule 16 of this court, the plaintiff has filed her petition, duly verified, praying to be allowed to prosecute her writ *in forma pauperis,* and that the clerk be required to docket said transcript and that the rule requiring a deposit to cover costs be dispensed with. The petition shows a state of facts which entitle the plaintiff to prosecute her writ of error as a poor person, provided the act of July 20, 1892, 27 Statutes at Large, 252, applies to appellate proceedings.

"Because this court has doubts as to whether the act of Congress above mentioned applies to appellate proceedings, it is ordered that the foregoing statement be certified to the Supreme Court and the instruction of that court be requested for the proper decision of the following questions which arise upon the petition and motion of the plaintiff in error.

"1. Does the act of July 20, 1892, 27 Statutes at Large, 252, providing when a plaintiff may sue as a poor person, apply to the prosecution of a writ of error from this court?

"2. If that act of Congress does not apply to appellate proceedings, has this court any authority to permit the prosecution of a writ of error *in forma pauperis ?*"

The act of July 20, 1892, above referred to, reads:

"An act providing when plaintiff may sue as a poor person and when counsel shall be assigned by the court.

"*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That any citizen of the United States, entitled to commence any suit or action in any court of the United States, may commence and prosecute to conclusion any such suit or action without being required to prepay fees or costs, or give security therefor before or after bringing suit or action, upon filing in said court a statement under oath, in writing, that, because of his poverty, he is unable to pay the costs of said suit or action which he is about to commence, or to give security for the same, and that he believes he is entitled to the redress he seeks

by such suit or action, and setting forth briefly the nature of his alleged cause of action.

"SEC. 2. That after any such suit or action shall have been brought, or that is now pending, the plaintiff may answer and avoid a demand for fees or security for costs by filing a like affidavit, and wilful false swearing in any affidavit provided for in this or the previous section, shall be punishable as perjury is in other cases.

"SEC. 3. That the officers of the court shall issue, serve all process, and perform all duties in such cases, and witnesses shall attend as in other cases, and the plaintiff shall have the same remedies as are provided by law in other cases.

"SEC. 4. That the court may request any attorney of the court to represent such poor person, if it deems the cause worthy of a trial, and may dismiss any such cause so brought under this act if it be made to appear that the allegation of poverty is untrue, or if said court be satisfied that the alleged cause of action is frivolous or malicious.

"SEC. 5. That judgment may be rendered for costs at the conclusion of the suit as in other cases: *Provided*, That the United States shall not be liable for any of the costs thus incurred."

*Mr. James Gallagher* and *Mr. Frederic D. McKenney* for Bradford:

As the case was removed to the Circuit Court, it is to be considered, for all purposes, as having originated in said court, thus distinguishing it from *Galloway* v. *Bank*, 186 U. S. 177, which arose in a state court. The former case is within the equity of the act of Congress. *Fuller* v. *Montague*, 53 Fed. Rep. 206, but see *The Presto*, 93 Fed. Rep. 522.

Although the Tennessee statute authorizing the commencement of this case *in forma pauperis* in the state court is narrower and more restricted in scope than the act of Congress upon the same subject, it has been construed to extend to the prosecution of appellate proceedings. *Phillips* v. *Rudle*,

1 Yerger, 121; *Brinkley* v. *Hayworth*, 3 Yerger, 421; *Mosley* v. *Davenport*, 6 Lea, 80, and see 2 Heiskell, 634.

The trial judge having granted the writ of error *in forma pauperis*, and the Circuit Court of Appeals having certified the statement and questions to this court for instructions, a *prima facie* meritorious case is shown, at least within the equity of the act of. Congress, if not within its letter.

Independent of any statute, the Circuit Court of Appeals possesses inherent power to allow the prosecution of a writ of error *in forma pauperis* in any case wherein there might otherwise be a failure of justice. *Bland* v. *Lamb*, 2 Jac. & W. 402, cited in 95 Fed. Rep. 345.

If the act of Congress of July 20, 1892, does not apply to appellate proceedings, it is nevertheless within the discretionary power of the Circuit Court of Appeals to allow plaintiff in error, for cause shown, to prosecute her writ of error *in forma pauperis*.

*Mr. Frank P. Poston* and *Mr. W. A. Henderson* for Southern Railway Company.

An appeal or writ of error is a statutory proceeding, and not a common law right. The mere fact that the appellant is a pauper does not, of itself, relieve him of the necessity of giving an appeal bond; the general rule is that express statutory authority must be had for an appeal *in forma pauperis*. *The Presto*, 93 Fed. Rep. 524; *McLain* v. *Williams*, 43 L. R. A. 287; *Sullivan* v. *Haug*, 10 L. R. A. 263; *Bailey* v. *Kincaid*, 57 Hun, 516; *Butler* v. *Jarvis*, 117 N. Y. 115; *Halloran* v. *Railroad Co.*, 40 Texas, 465; *Fite* v. *Black*, 85 Georgia, 413; *Sage* v. *Central Railroad Co.*, 96 U. S. 714; *Ex parte Parks*, 93 U. S. 21; *Woods* v. *Davidson*, 57 Mississippi, 206; *Galloway* v. *Bank*, 186 U. S. 177.

The fact of poverty, itself, does not relieve appellant from the necessity of giving bond, but there must be express statutory authority for an appeal *in forma pauperis*. Practically every State in the United States has enacted such a statute.

The plaintiff has had the benefit of a day in court, has had a fair trial, and was denied a judgment. If she desires to prosecute the case further, she should be required to give a bond for the costs, unless she can show clear legislative authority for granting this writ of error on the pauper's oath.

It is well known that the courts are crowded with damage suits of every imaginable description against railroads and other corporations and that more than 90 per cent of these cases are brought on the pauper's oath. Even if the defendant is successful in its defense of these cases, it is required, as a matter of law, to pay a proportion of the costs, that is, such costs as are incurred in its behalf.

MR. CHIEF JUSTICE FULLER, after making the foregoing statement, delivered the opinion of the court.

1. After the passage of the act of July 20, 1892, many applications were made to this court for leave to prosecute writs of error or appeals *in forma pauperis,* and were uniformly denied, as we were of opinion that the act had no relation to proceedings in this court. And we so stated in *Gallaway* v. *Fort Worth Bank,* 186 U. S. 177, where leave was asked to prosecute a writ of error to a state court without giving security as required by section 1000 of the Revised Statutes. The ruling would have been the same if the review of the judgment or decree of a court of the United States had been sought, because in our view the statute refers only to the court of original jurisdiction. And the same ruling must necessarily obtain in the Circuit Courts of Appeals.

The act consists of five sections. Of these, sections 3 and 4 obviously relate to the trial or hearing. By section 5 "judgment may be rendered for costs at the conclusion of the suit as in other cases," which we take to mean judgment at the close of the trial or hearing, and not judgment then and also judgment in appellate proceedings, or in case of such proceedings no judgment for costs below until judgment rendered above.

The first section relates to the commencement and carrying forward of a suit or action without plaintiff being required to prepay fees or costs or to give security therefor, whether the fees or costs accrue at the beginning or during the progress of the suit or action. The application is to be made at the outset, and the order, if granted, covers the fees or costs, accruing when or after the suit or action is commenced. And this result is secured by the words "and its prosecution to conclusion." That conclusion is the termination of the suit or action in the court where it is commenced. The second section provides for a similar application after the suit or action has been brought.

The words "suit or action" are used in both sections, and the applicant is required to set forth "his alleged cause of action," and by section 4 the case may be dismissed "if it be made to appear that the allegation of poverty is untrue, or if said court be satisfied that the alleged cause of action is frivolous or malicious."

Lord Coke defined "action" to be "a legal demand of one's right," and cause of action comprises every fact a plaintiff is obliged to prove in order to obtain judgment, or, conversely, every fact the defendant would have the right to traverse, *Railway Company* v. *Dixon*, 179 U. S. 131, 139. The words "action" and "cause of action" are not ordinarily applicable to writs of error, and, in our opinion, were obviously not so applicable here, but used *diverso intuitu*. And this is so whether a writ of error be considered a new proceeding or a continuation of the original proceeding as it is usually regarded in the Federal courts. *Cohens* v. *Virginia*, 6 Wheat. 264, 410; *Nations* v. *Johnson*, 24 How. 195, 205; *In re Chetwood*, 165 U. S. 443, 461.

A leading case on the subject is *Moore* v. *Cooley*, 2 Hill, 412. The statute of New York under consideration in that case was as follows (2 Rev. Stat. N. Y. 2d ed. 1836, p. 362):

"Every poor person, not being of ability to sue, who shall have a cause of action against any other, may petition the

court in which such action is depending, or in which it is intended to be brought, for leave to prosecute as a poor person, and to have counsel and attorneys assigned to conduct his suit."

After quoting the statute Judge Cowen said:

"Strictly speaking, an error on which a writ lies is not a cause of action; for, as Lord Coke says, there is a distinction between writs and actions; and under this distinction he instances actions and writs of error. (2 Inst. 39, 40.) And yet, a release of all actions extends to writs of error, when anything may be recovered or taken by way of restitution under or in consequence of the writ of error. (Co. Litt. 288, b. Bac. Abr. Release, [1] 2.) This, however, I take it, proceeds rather upon an equitable, and therefore extended construction of the words in the release beyond their strict meaning; for they generally reach the original matter out of which the error arose, that being the direct subject of an action if the matter be thrown open by the writ of error. The original matter being released therefore, the words are very properly construed as reaching indirectly and in liberal construction to the writ of error itself, because that depends upon the original matter. Yet, in strictness, no book holds the word *action*, or words *cause of action*, to be identical with a writ of error or cause of a writ of error.

"There can be little doubt that the statute under which this motion is made, should be construed strictly; for the pauper comes to litigate entirely at the expense of others. He is neither to pay his own attorneys or counsel, nor is he liable to his adversary should the suit prove to be groundless. He thus enjoys a great privilege and exemption from the common lot of men, whereby, in respect to causes of action proper, he becomes, as Lord Bacon says, rather able to vex than unable to sue. (Hist. of Hen. 7.)"

Lord Bacon was referring to the statute 11 Hen. VII, c. 12, and his language is elsewhere translated or explained to mean "that the charity of the legislature thought it better that the

poor man should be able to vex than that he should not be
able to sue." 6 Bacon's Works, 161.

So in *Bristol* v. *United States*, 129 Fed. Rep. 87, where the
Circuit Court of Appeals for the Seventh Circuit held that the
act of Congress of July 20, 1892, did not entitle a defendant
in a criminal case to prosecute a writ of error out of the Cir-
cuit Court of Appeals *in forma pauperis*, Jenkins, J., deliver-
ing the opinion, said:

"We do not think that it can properly be said that a writ
of error is a suit or action within the statute so far as respects
a writ of error in a criminal case. Were it not for the words
'prosecute to conclusion,' we doubt if any court would hold
that the act applied to an appeal or writ of error in a civil cause.
The applicant by the statute must declare the nature of his
cause of action. Surely an erroneous ruling by the trial court
cannot be held to furnish 'a cause of action,' as that phrase is
commonly understood. The statute, by that term, in our
judgment, refers to a legal demand by one against another,
not to the rulings of a trial court. Under a somewhat similar
statute of the state of New York, its Supreme Court, speak-
ing through Judge Cowen, held that the provisions of the
statute do not extend to writs of error. *Moore* v. *Cooley*, 2
Hill, 412."

We adhere to the view that the act, on its face, does not
apply to appellate proceedings, and that it does not is sustained
by other considerations.

The act of July 20, 1892, does not purport to grant the right
to prosecute a writ of error or an appeal, and that right de-
pends on statute and not on the common law. *United States*
v. *More*, 3 Cranch, 159, 171. Errors can be reviewed only in
the cases in which those processes are given by statute. *Ex
parte Parks*, 93 U. S. 18, 21.

Section 11 of the judiciary act of March 3, 1891, creating
the Circuit Courts of Appeals, provides:

"And all provisions of law now in force regulating the
methods and system of review, through appeals or writs of

error, shall regulate the methods and system of appeals and writs of error provided for in this act in respect of the Circuit Courts of Appeals, including all provisions for bonds or other securities to be required and taken on such appeals and writs of error, and any judge of the Circuit Courts of Appeals, in respect of cases brought or to be brought to that court, shall have the same powers and duties as to the allowance of appeals or writs of error, and the conditions of such allowance, as now by law belong to the justices or judges in respect of the existing courts of the United States respectively."

There are several such provisions, and, among others, section 1000 of the Revised Statutes reads:

"Every justice or judge signing a citation on any writ of error, shall, except in cases brought up by the United States or by direction of any Department of the Government, take good and sufficient security that the plaintiff in error or the appellant shall prosecute his writ or appeal to effect, and, if he fail to make his plea good, shall answer all damages and costs, where the writ is a supersedeas and stays execution, or all costs only where it is not a supersedeas as aforesaid."

Clearly an act giving the right to prosecute *in forma pauperis* cannot be extended by implication beyond its terms in conflict with existing provisions in relation to writs of error and appeals.

The result is that the first question must be answered in the negative.

2. The second question is, whether, if the act of July 20, 1892, does not apply to appellate proceedings, the Court of Appeals has "any authority to permit the prosecution of a writ of error *in forma pauperis*."

We answer that that court has no such power unless derived from statute, and we find no statute authorizing any order to that effect.

Costs are the creatures of statute, and it is settled that authority to permit prosecution *in forma pauperis* must be given by statute.

By section 2 of the judiciary act of March 3, 1891, the costs and fees in the Supreme Court are made the costs and fees in the Circuit Courts of Appeals, and the latter courts are empowered to establish all rules and regulations for the conduct of the business of the court.

And it appears that on November 21, 1898, Rule 16 of the Circuit Court of Appeals for the Sixth Circuit was so amended as to read that "at the time of filing the record the plaintiff in error or appellant shall deposit with the clerk the sum of thirty-five dollars as security for costs, except in cases in which the proper showing is made and an order of this court is entered thereon allowing the cause to proceed *in forma pauperis.*"

But the exception must be assumed to have been framed on a construction of the act of July 20, 1892, which we have been constrained to hold it does not bear, and the exception falls in the absence of a statute authorizing such an order.

We need not advert to the distinction between costs and fees, but it should be noted that the power of the Circuit Courts of Appeals, in respect of the distribution of costs or in dealing with its officers in respect of their fees, under special circumstances, is not here involved.

*Both questions answered in the negative.*