# HALE *v.* DUCKETT.

---

POOR SUITORS; COSTS; STATUTES.

Sections 175, 176, D. C. Code (31 Stat. at L. 1219, chap. 854), relating to the prosecution of suits by poor suitors in courts of original jurisdiction, was repealed by the act of Congress of June 25, 1910 (36 Stat. at L. 866, chap. 435, Comp. Stat. 1913, sec. 1626), permitting the prosecution of suits in such courts, and appeals and writs of error in courts of appellate jurisdiction, upon the filing of affidavits of poverty, without deposit for fees or costs, there being nothing in the latter act to show that the courts of the District of Columbia were to be excluded from its operation. (Citing *McGrane* v. *Mc-Cann,* 2 App. D. C. 221.)

No. 2757.   Submitted February 1, 1915.   Decided March 1, 1915.

HEARING on an appeal by the plaintiffs (specially allowed) from an order of the Supreme Court of the District of Columbia requiring them to give security for costs in a suit in equity.                                   *Reversed.*

The COURT in the opinion stated the facts as follows:

This is an appeal specially allowed from an order of the supreme court of the District of Columbia requiring the appellants, Frank H. Hale et al., to give security for costs in a proceeding instituted by them in that court.

April 19, 1914, the plaintiffs, Hale et al., residents of the State of Maryland, filed their bill in the supreme court of the District of Columbia seeking to set aside a conveyance made

by the defendants Marion Duckett et al., as trustees, to the defendant Lacey. The bill charges the defendant with fraud and collusion.

Plaintiffs, upon their affidavit, were allowed to proceed *in forma pauperis.*

September 24, 1914, defendants filed a motion to require plaintiffs to furnish security for costs, which was granted. The order was excepted to, and this appeal is therefrom. It regards the question whether the proceeding is governed by the provisions of sec. 175 [31 Stat. at L. 1219, chap. 854] of the Code or the general provisions of the act of June 25, 1910. 36 Stat. at L. 866, chap. 435, Comp. Stat. 1913, sec. 1626.

This act makes the following provision: "Be it enacted * * * that sec. 1 of an act entitled * * * approved July 20th, 1892, be, and the same is hereby, amended so as to read as follows: 'That any citizen of the United States entitled to commence or defend any suit or action, civil or criminal, in any court of the United States, may, upon the order of the court, commence and prosecute or defend to conclusion any suit or action, or writ of error, or an appeal to the circuit court of appeals, or to the supreme court in such suit or action, including all appellate proceedings, unless the trial court shall certify in writing that in the opinion of the court such appeal or writ of error is not taken in good faith, without being required to prepay fees or costs or for the printing of the record in the appellate court or give security therefor, before or after bringing suit or action, or upon suing out a writ of error or appealing, upon filing in said court a statement under oath in writing that because of his poverty he is unable to pay the costs of said suit or action or of such writ of error or appeal, or to give security for the same, and that he believes that he is entitled to the redress he seeks by such suit or action * * * and setting forth briefly the nature of his alleged cause of action, or appeal."

*Mr. M. S. Farmer, Jr.,* for appellants.

*Mr. W. M. Lewin* for the appellees.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

It is clear that the act of 1892, which was amended, did not apply to the appellate courts or to any other than to courts of original jurisdiction. *McGrane* v. *McCann,* 2 App. D. C. 221; *Bradford* v. *Southern R. Co.* 195 U. S. 243, 249, 49 L. ed. 178, 181, 25 Sup. Ct. Rep. 55.

Sections 175 and 176 of the District Code, applying to poor suitors, were in force in the District of Columbia, and it is under the last clause of sec. 175 that the security in this case was required notwithstanding the affidavit of inability to make deposit for costs.

The question is whether this section is practically repealed by the statute of 1910, aforesaid. That section is general in its application to all courts of the United States both of original and appellate jurisdiction.

The Code, of which 175 and 176 are sections, went into effect on January 1, 1902, and had therefore been in force more than eight years when that statute was enacted. The object of the statute was to open the courts to all poor suitors filing the required affidavit, without deposit for fees or costs.

Applying to all courts of the United States it necessarily includes the courts of the District, and in the proceeding in this cause and others has been treated as binding upon the appellate court.

The apparent intent of Congress was to give the widest scope to its operations, and there is nothing to show that the courts of the District of Columbia were to be excluded.

This being the case it had the effect to repeal or supersede all laws of the District in conflict therewith, and must control in this jurisdiction when it is invoked for the benefit of poor persons.

The order is reversed with costs, and the cause remanded for further proceedings without the requirement of security for costs.                                        *Reversed.*