## STANLEY v. SWOPE.

Circuit Court of Appeals,. Ninth Circuit.

April 12, 1938.

Mr. Stanley appeared in his own behalf. No other appearances.

Before WILBUR, GARRECHT, and DENMAN, Circuit Judges.

PER CURIAM.

Wilbur Stanley filed an application to proceed in forma pauperis on an appeal from the orders of the District Court denying his applications for release from prison upon his petition for writ of habeas corpus in that behalf. The trial court denied a similar application for leave to proceed on appeal in forma pauperis and certified that in his opinion the assignments of error and brief in support thereof are so frivolous in their nature as to show that petitioner's appeal is not taken in good faith and that "the court so finds and certifies". The statute, 28 U.S.C.A. § 832, upon which the application to proceed in forma pauperis is based provides that authority may be given under the circumstances set forth in the act "unless the trial court shall certify in writing that in the opinion of the court such appeal or writ of error is not taken in good faith." The right to proceed in forma pauperis on appeal is entirely statutory. Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 35 S.Ct. 236, 59 L.Ed. 457. In the absence of express statutory authority this court has no right to allow a party to prosecute an

appeal in forma pauperis. Bradford v. Southern Ry. Co., 195 U.S. 243, 25 S.Ct. 55, 49 L.Ed. 178.

While the language of the statute denying the right to proceed in forma pauperis in the teeth of such a certificate by the trial judge is clear on the face of the statute, it may be added that on March 8, 1938, the Circuit Court of Appeals for the Fifth Circuit, in Matter of Wragg, Farm Debtor, 95 F.2d 252, denied an application to proceed in forma pauperis under such circumstances.

Petition denied.