## MURREY v. UNITED STATES.
### No. 12125.

Circuit Court of Appeals, Eighth Circuit.

Aug. 7, 1942.

Harry (Peck) Murrey, pro se.

Clinton R. Barry, U. S. Atty., and Thomas C. Pitts, Asst. U. S. Atty., both of Fort Smith, Ark., for appellee.

Before GARDNER, WOODROUGH, and JOHNSEN, Circuit Judges.

PER CURIAM.

The order from which this appeal in forma pauperis is sought to be prosecuted denied an application made by Harry (Peck) Murrey to the district court for the western district of Arkansas for leave to file a motion for correction of a judgment of conviction and sentence entered against him in that court at the June, 1937, term thereof. The motion was verified and contained allegations that Murrey, a citizen of the United States, now confined in the penitentiary at Alcatraz, was on June 12, 1937, convicted and sentenced pursuant to his plea of guilty upon an indictment numbered 3803, which charged him in two counts (1) with transporting one B. Dale Calvert in interstate commerce, in violation of 18 U.S.C.A. § 408a; (2) with transporting a stolen automobile in interstate commerce, in violation of 18 U.S.C.A. 408; that Murrey was brought into the federal court from the Arkansas State penitentiary (where he was serving sentence for a state offense) pursuant to a writ of habeas corpus ad prosequendum, there being two indictments pending against him in the federal court, one numbered 3841 and the other 3803. He was sentenced first on his plea of guilty to the charges of indictment numbered 3841 to serve penitentiary imprisonment for a term of ten years. He is serving that sentence and his motion contains no complaint against it or attack upon it. But he was also sentenced to serve an additional 17½ years under indictment numbered 3803, to begin at the expiration of the ten year sentence, and his motion was to obtain "correction" of the 17½ year sentence. It was alleged that he had been brought into court in custody and was denied the right of counsel or contact with friends or relatives, and that although he was innocent of the offenses alleged in indictment numbered 3803, he was deceived and coerced by the assistant prosecutor in charge into entering a plea of guilty to that indictment. That he was never informed of the true nature and cause of the accusations set forth in that indictment. That said assistant prosecutor stated in substance that if Murrey would plead guilty to indictment No. 3803 as well as to No. 3841, the assistant prosecutor would recommend and guarantee a total sentence of ten years under the two indictments. "The aforesaid prosecutor did further deceive and coerce the petitioner by threatening him with a sentence of death unless the petitioner agreed to plead guilty to indictment No. 3803." That Murrey is uneducated and was ignorant of his rights and was deceived by the representations and coerced by the threats and was summarily arraigned and plead guilty pursuant to "prearrangement" and the sentences amounting to 27½ years were then imposed upon him "to his surprise and consternation." He was ignorant of new trial or appellate proceedings, the protests he made were unheeded and he was helpless to cope with his situation. He prayed that the B. Dale Calvert, alleged in indictment No. 3803 to have been feloniously transported by appellant, be summoned as a witness (his place of residence and whereabouts within the jurisdiction being in all probability known to the prosecutor) "to give testimony positively showing that petitioner is not one of the persons who transported him." Murrey also prayed that the judgment of conviction and the sentences imposed under indictment numbered 3803 be found to be void and be vacated and set aside.

The trial court considered the application and motion and entered its order thereon July 5, 1941, as follows: "It appearing to the court from a preliminary examination of the application herein that there are no grounds upon which the court might act to correct said judgment,[1] it is hereby ordered that the said application for leave to file and prosecute motion for correction of judgment be and the same is hereby denied."

Thereafter on August 11, 1941, Murrey filed petition for appeal and his affidavit of poverty, praying leave to proceed in forma pauperis. The appeal was denied and on August 12, 1941, the District Judge made and filed his "Certificate" in the cause in which he declared that "in the opinion of the court the effort upon the part of the petitioner for a review of the proceedings is not in good faith."

Murrey made application to this court for leave to appeal in forma pauperis but failed to include in his transcript of the proceedings presented to this court a copy of the "Certificate" of the district court to the effect that the appeal was not sought in good faith. As the grounds alleged by Murrey appeared sufficient in the absence of the "Certificate" this court granted leave to appeal in forma pauperis.

The District Attorney has moved to dismiss the appeal in forma pauperis on the ground that this court may not entertain it in the face of the "Certificate" of the trial court who rendered the decision complained of, which is now included in the record before the court. It is pointed out that the right to proceed on appeal in forma pauperis accorded by 28 U.S.C.A. § 832 to "any citizen of the United States entitled to commence any suit or action, civil or criminal, in any court of the United States", is subject to and restricted by the later provision of the section "unless the trial court shall certify in writing that in the opinion of the court such appeal * * * is not taken in good faith." The following cases are cited and relied on in support of the contention that the appeal may not be taken in forma pauperis where the trial court has certified that it is not taken in good faith. Smith v. Johnston, Warden, 9 Cir., 109 F.2d 152; Holiday v. Johnston, Warden, 9 Cir., 123 F.2d 867; Brown v. Johnston, Warden, 9 Cir., 99 F. 2d 760; Waley v. Johnston, Warden, 9 Cir., 104 F.2d 760; Stanley v. Swope, 9 Cir., 99 F.2d 308.

We are in accord with the construction of the statute and the effect attributed to it in the foregoing cases and the motion to dismiss on the ground presented must be sustained. Though the ruling disposes of the present appeal, it should be indicated, as was done by the Supreme Court in United States ex rel. Coy v. United States, 62 S.Ct. 1137, 1139, 86 L.Ed. ——, decided May 25, 1942, "We have no occasion to pass on the question whether the district court's denial of the application * * * will bar a subsequent application to the district court for similar relief."

Appeal dismissed.

---

[1] The conviction and sentence under indictment numbered 3803.