**MURREY v. UNITED STATES.**

No. 12572.

Circuit Court of Appeals, Eighth Circuit.

March 25, 1943.

Appellant was not represented by counsel in this Court.

No appearance for appellee.

Before STONE, WOODROUGH, and JOHNSEN, Circuit Judges.

PER CURIAM.

Harry (Peck) Murrey is imprisoned at Alcatraz under sentences imposed upon him by the federal district court in Arkansas in 1937 pursuant to his pleas of guilty to two indictments (Nos. 3803 and 3841) then pending against him in that court. In 1941 he filed a motion in the same court seeking to have the judgment of conviction and the sentence under one of the indictments (No. 3803) avoided and set aside, and after hearing had been had, the motion was denied. He attempted to obtain a review in this court of the judgment denying his motion, but although this court at first granted him leave to appeal in forma pauperis, it was subsequently brought to our attention that the district judge who had denied the motion had filed his certifi-cate in the cause to the effect that the appeal was not in good faith. On consideration of that certificate, which stood unchallenged in the record, we observed that the proceedings in forma pauperis were not maintainable in this court under the statute, 28 U.S.C.A. § 832, and dismissal followed accordingly. Murrey v. United States, 8 Cir., 130 F.2d 20.

Murrey has now presented to the clerk of this court a so-called "original petition for appeal" from which it appears that subsequent to our decision he again filed a motion in the district court in Arkansas for relief from the conviction and sentence against him under indictment No. 3803, and that the district court, after hearing, entered a judgment denying the motion on February 18, 1943. The "original petition" for appeal is accompanied by a poverty affidavit by Murrey, and his request is that this court permit the prosecution of appeal in forma pauperis to review the judgment of February 18, 1943.

We think it sufficiently established that Murrey is a poor person within the statute, but the record now presented as the basis for an order of this court authorizing appeal to be proceeded with in forma pauperis, fails to disclose whether or not the trial judge who heard Murrey's motion and who entered the order sought to be reviewed here, has considered or expressed any opinion on the question whether Murrey's appeal is or is not taken in good faith. In that respect the situation is the same as on the former occasion when application for leave to proceed in the appeal in forma pauperis was first made by Murrey. Murrey v. United States, supra.

As we pointed out in the former opinion, the right granted a poor person by 28 U.S.C.A. § 832 to appeal in forma pauperis is "subject to and restricted by the provision 'unless in the opinion of the court [which entered the judgment sought to be appealed from] such appeal * * * is not taken in good faith'", and we think the necessary implication of the provision is that before appeal proceedings in forma pauperis are authorized, the district court must have had occasion and opportunity to consider the question of good faith or lack of it in taking them. Such judicial consideration must precede any determination that they are not taken in good faith, and the power vested in the district judge to make the certificate that they are not taken in good faith carries with it the correlative

duty to inquire into and determine the question of good faith when the right to appeal in forma pauperis is asserted.

Prior to the promulgation of Rule 3 of the Rules of Criminal Procedure, 18 U.S.C.A. following section 688, a poor person without means seeking to appeal to this court in forma pauperis from a judgment of the district court could scarcely have perfected his appeal in that form without the attention of the court being drawn to the question of the good faith of the appeal, so that it has doubtless been assumed in some cases where the record on appeal was silent in respect to the matter, that a certificate of lack of good faith was advisedly omitted. But Rule 3, whereby "appeals shall be taken by filing with the clerk of the trial court notice, in duplicate, stating that the defendant appeals from the judgment, and by serving a copy of the notice * * *", results in a somewhat different situation in respect to appeals in forma pauperis and fails to specify procedural steps to meet the condition which the section conferring the right to appeal in forma pauperis attaches to that right; namely, the certification by the trial court. It therefore can not now be assumed where the record is silent that the district court has given its consideration to the question of the good faith of the appeal or that the condition of the forma pauperis statute has been satisfied.

We do not hold that the conclusion of the district court on the issue of good faith or lack of it in taking the appeal may not be assailed in this court, United States ex rel. v. United States, 316 U.S. 342, 62 S.Ct. 1137, 86 L.Ed. 1517, but we are persuaded that we should not permit the appeal to be proceeded with in forma pauperis without prepayment of costs in the absence of a showing that the court which entered the judgment sought to be reviewed has considered whether or not the statutory certificate is applicable.

In view of the fact that the record which has been presented to the clerk and here considered is merely silent, without disclosing whether there has or has not been consideration by the district court of the question of good faith or want of it in taking appeal, we direct the clerk to file the documents now presented by petitioner without prepayment of fees or costs, and petitioner is granted ninety days from this date within which to apply for a ruling by the district court, if one has not been made,

and to include whatever ruling has been or is made in his showing here. No final ruling on the request for leave to proceed further in forma pauperis need now be entered, but the attempted appeal in forma pauperis will stand dismissed at the end of the period in the absence of the additional record required.