**UNITED STATES ex rel. WOODARD v. DEAHL, Commanding Officer, Camp Chaffee, Ark.**

No. 13100.

Circuit Court of Appeals, Eighth Circuit.

Oct. 27, 1945.

See also, D.C., 60 F.Supp. 666.

Ben F. Roberts, of Shreveport, La. (Robert H. Wimberly, of Arcadia, La., and John P. Woods, of Fort Smith, Ark., on the brief), for appellant.

Clinton R. Barry, U. S. Atty., of Fort Smith, Ark. (Thomas C. Pitts and Hugh M. Bland, Asst. U. S. Attys., and George P. Red, Second Lieutenant, Litigation Officer S Sv. C., JAGD, of Dallas, Tex., on the brief), for appellee.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal from a judgment of the district court discharging after trial a writ of habeas corpus previously issued and dismissing the petition of appellant, a soldier who had been inducted into the military forces of the United States pursuant to the provisions of the Selective Training and Service Act of 1940, as amended, 50 U.S.C.A.Appendix § 301 et seq.

The appellant, Ernest Scott Woodard, is a citizen of the state of Louisiana. Selective Service Board No. 1 of Bienville Parish had jurisdiction over him for the purpose of classification under the Act. Pursuant to proceedings stated in more detail below he was inducted into the army of the United States on May 14, 1945, and is now in the custody of the appellee, Commanding Officer of the United States Army at Camp Chaffee in the state of Arkansas.

The controversy arises out of the procedural steps taken in appellant's case subsequent to his registration under the Act on February 16, 1942. On February 28, 1944, the local board classified him in Class I–A. He thereupon made application for deferment on the ground that he was regularly engaged in an agricultural occupation essential to the war effort. The application was denied by the local board. He appealed to Board of Appeal No. 5 of the state of Louisiana and that board reclassified him in Class II–C. On June 5, 1944, the State Director of Selective Service of Louisiana appealed to the President from the decision of Appeal Board No. 5, and on June 13, 1944, the President, acting through Lewis B. Hershey, National Director of Selective Service, considered the appeal, overruled Appeal Board No. 5 and placed appellant in Class I–A.

Thereafter, upon examinations on July 5, 1944, and on September 25, 1944, appellant was found to be physically unfit for military service. On January 11, 1945, he was again ordered to report for preinduction physical medical examination and was found to be fit for military service and was accordingly placed in Class I–A by the local board.

Again, the appellant made application for deferment from service on the ground that he was regularly engaged in an agricultural occupation essential to the war effort, and on January 30, 1945, his application for deferment was denied by the local board. Again he appealed to Appeal Board No. 5 and the action of the local board was overruled and the appeal board classified him in Class II–C until August 30, 1945. And again, on March 3, 1945, the State Director of Selective Service appealed from the order of Appeal Board No. 5 and transmitted to the National Director of Selective Service in Washington, D.C., the complete file of the appellant, which was in his possession at the time, and notified the appeal board and the local board of his action. But no notice of the appeal was given by any one to the appellant.

In transmitting the file to the National Director, the State Director of Louisiana pursuant to the requirements of Selective Service Regulation 628.1(c) submitted a statement for the record setting out the age

of the appellant, that he was married and the father of a pre-Pearl Harbor child, and that he was engaged in an agricultural activity. He then stated the steps taken leading to the appeal and continued:

"This appeal is taken at the request of the Local Board and no opinion is expressed on the merits of this registrant's classification. A copy of the letter dated February 26, 1945, addressed to this Headquarters by the Local Board is attached hereto."

The letter referred to by the State Director of Selective Service stated:

"Each member of this Local Board is familiar with the circumstances of this case. This young registrant, we well know is not entitled to a 2-C classification. It is true that his father is one of the biggest land owners in the parish, that he possibly has more influence than any other farmer in the parish. It is true that Mr. Woodard, Sr. let his overseer go last year and gave the job to his son. His educational background will bear out the fact that he is not competent of managing the place, and from information that we get from the community in which he lives young Woodard has been a liability rather than an asset to the farm."

The State Director then continued: "Because of the above stated facts we ask you to please review this case and submit it to the President."

The case was reviewed on appeal to the President and on April 5, 1945, the President, through the National Director of Selective Service, classified petitioner in Class I-A.

Following the classification by the President through the National Director the appellant was duly inducted into the army on May 14, 1945, as stated above, and on the 15th of May filed his complaint in the district court praying for a writ of habeas corpus.

At the trial in the district court the appellant limited his contentions to the proposition that the National Director was without power to reverse the order of Appeal Board No. 5 of February 22, 1945, placing appellant in Class II-C and granting him deferment until August 30, 1945, (a) because no notice of the appeal taken by the State Director from the order of Appeal Board No. 5 was served upon him, and (b) because in transmitting the file to the National Director the State Director

enclosed a copy of the letter from the local board set out above. In this court appellant urges the same contentions and in addition thereto the contention that the action of the local board in denying his application for deferment was arbitrary and capricious and contrary to the evidence.

The trial court found that the action of the local board was not arbitrary and that the procedure followed by the State Director on the appeal to the National Director was in substantial compliance with the Selective Service regulations.

The contention most seriously urged in this court is that the President was without jurisdiction because of the failure of the local board to serve notice of the appeal upon the appellant.

Regulation 628.1 promulgated under the Act provides, among other things, that: "(c) An appeal to the President may be taken by the State Director of Selective Service (1) by mailing to the local board a written notice of appeal and directing the local board to forward the registrant's file to him for transmittal to the Director of Selective Service or (2) by placing in the registrant's file a written notice of appeal and advising the local board thereof. Before he forwards the registrant's file to the Director of Selective Service, the State Director of Selective Service shall place in such file a written statement of his reasons for taking such an appeal."

Regulation 628.2 provides for an appeal to the President by a registrant or his dependents or by certain other persons within 10 days after the mailing by the local board of the notice of classification. Regulation 628.3 defines how an appeal to the President is taken under the provisions of regulation 628.2.

Regulation 628.4 is entitled, "Procedure on Appeal to the President," and reads:

"(a) When an appeal to the President is taken, the local board shall (1) notify the registrant that such an appeal has been taken, unless he is the person who took the appeal; (2) * * * The local board shall not place in the file any statement or expression of opinion concerning the information in the registrant's file or the reasons for its decision.

"(b) When an appeal to the President is taken * * *. If any information has been placed in the file which was not considered by the local board in making the classification from which the appeal to the

President is taken, the State Director of Selective Service shall review such information and, if he is of the opinion that such information, if true, would justify a different classification of the registrant, return the file to the local board with instructions to reopen the registrant's classification and classify the registrant anew."

In taking the appeal the State Director attempted to comply with all the provisions of regulation 628.1(c), supra. He mailed to the local board a written notice of appeal as required. He did not direct the local board to forward the registrant's file to him for transmittal to the Director of Selective Service because he then had the file in his possession. He placed in the file before forwarding it to the National Director a written notice of appeal and a statement of his reasons for taking the appeal, stating who the registrant is, the procedure already taken, that the appeal was taken at the request of the local board, and he enclosed a copy of the letter which he had received from the local board.

The appellee contends that when the National Director received the file complying with the requirements of the regulation, including the notice of appeal, he had jurisdiction to proceed. The regulations do not impose upon him any duty to inquire whether notice has been served on the registrant. Appellee further contends that the procedure required under regulation 628.4 applies only to appeals taken under the provisions of regulation 628.2; whereas, the appellant contends that compliance with the procedure provided in regulation 628.4(a) (1) is required in all appeals to the President and that such procedure is jurisdictional.

▇▇ Assuming, without deciding, that regulation 628.4(a)(1) requiring the local board to "notify the registrant that such an appeal has been taken, unless he is the person who took the appeal" is applicable to appeals taken by the State Director to the President, nevertheless failure of the local board to give the registrant notice that an appeal had been taken was an irregularity only. Such failure could be waived by the registrant. It did not affect the power or jurisdiction of the President. The President is given power under 50 U.S.C.A.Appendix, § 305, "upon his own motion" without notice, as well as on appeal, "to determine all claims or questions with respect to * * * deferment," and his determination "shall be final." Neither party contends that a right of appeal and an opportunity to be heard by the President or the National Director falls within the rights guaranteed by the Constitution. Such rights, if they exist, are entirely legislative. Ex parte Abdu, 247 U.S. 27, 38 S.Ct. 447, 62 L.Ed. 956; Bradford v. Southern Railway Co., 195 U.S. 243, 25 S.Ct. 55, 49 L.Ed. 178. And see Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305; and Martin v. Mott, 25 U.S. 19, 12 Wheat. 19, 6 L.Ed. 537.

▇ Relief from mere procedural irregularities under the Selective Service Act in time of war will be granted neither on petition for habeas corpus nor in a criminal case unless shown to be prejudicial to the substantial rights of the registrant. United States ex rel. Bergdoll v. Drum, 2 Cir., 107 F.2d 897, 900, 129 A.L.R. 1165, certiorari denied, 310 U.S. 646, 60 S.Ct. 1098, 84 L.Ed. 1414; United States v. Commanding Officer, etc., 2 Cir., 142 F.2d 381, 383; United States v. Bergdoll, D.C.Pa., 272 F. 498; United States v. Fratrick, 7 Cir., 140 F.2d 5, 7. Compare McCain v. Des Moines, 174 U.S. 168, 175, 19 S.Ct. 644, 43 L.Ed. 936. And no prejudice is shown in this instance.

▇▇ The appellant insists that the appeal to the President was defective and failed to confer jurisdiction upon the National Director because the State Director in stating his reasons for the appeal set out a copy of the letter received from the local board, which, it is claimed, contained erroneous and prejudicial statements, and the inclusion of which, it is claimed, was forbidden by regulation 628.4(b).

It will be noted that the letter was not placed in the file by the local board in violation of the regulation. The local board did not have the file in its possession at the time the appeal was taken. The letter was written to the state headquarters by the local board in connection with its request that the State Director take an appeal to the President under regulation 628.1. In transmitting the file to the National Director the State Director was required to state his reasons for taking the appeal and in doing so properly or erroneously, but not in violation of any regulation, incorporated a copy of the letter in the record. Assuming that, as claimed by appellant, the letter contained irrelevant statements which were not properly a part of the record, the question for determination is whether the court can say as a matter of law that appel-

lant's constitutional rights were violated. A similar situation arising on an appeal to a state board was presented in Cramer v. France, 9 Cir., 148 F.2d 801, 805, and the court held that there was no merit in the registrant's contention, saying: "It will be presumed that no weight was given to such irrelevant matter by the appeal board." We think a presumption also exists that the National Director attached no weight to any irrelevant matter not properly in the record. Consequently the judgment can not be reversed for the reason assigned.

The contention of the appellant that the trial court erred in not holding that the action of the local board for refusing to grant him agricultural deferment was arbitrary and capricious and therefore amounted to a denial of due process is without merit. It is sufficiently answered by the fact that the local board's findings were approved by the National Director on two separate appeals and upon review in this proceeding by the trial court. No clear error is pointed out.

The judgment appealed from is affirmed.