## ATKINS v. UNITED STATES.
### No. 4589.

United States Court of Appeals
Tenth Circuit.

May 4, 1953.

Hayden C. Covington, Brooklyn, N. Y. (Tom S. Williams, San Antonio, Tex., on the brief), for appellant.

William O. Jordan, Asst. U. S. Atty., Albuquerque, N. M. (Maurice Sanchez, U.

S. Atty., Albuquerque, N. M., on the brief), for appellee.

Before BRATTON, HUXMAN and PICKETT, Circuit Judges.

BRATTON, Circuit Judge.

The indictment in this case charged that appellant neglected, failed, and refused to be inducted into the service of the armed forces of the United States after having been ordered to do so, in violation of Section 12 of the Universal Military Training and Service Act of 1948, 50 U.S.C.A.Appendix, § 462. Trial by jury was waived and the cause was submitted to the court upon the following stipulated facts. Appellant registered with his local board and filed a classification questionnaire claiming exemption as a minister of religion. He was placed in class I–A and shortly thereafter he made request to appear personally before the board. He appeared in person; the board heard him; and two days later the board, acting through its clerk, wrote him a letter in which it was said:

"This is to advise you that your request for IV–D classification is denied by the Board, however, as your case was reopened when you appeared before the Board and submitted additional evidence, you have the same right of appeal as you had at the time of your original classification."

Thereafter, appellant appealed to the State Appeal Board, and he was classified I–A. He then appealed to the Presidential Appeal Board and was again classified I–A. Thereafter, he filed with the local board a conscientious objector's questionnaire. The local board advised him that it would not reopen the subject of his classification and that he was still in class I–A. He then asked the State Director of Selective Service to intervene in his behalf but the request was denied. In due time, the local board ordered appellant to report for induction. He reported but refused to be inducted. Based upon these stipulated facts, the court found appellant guilty and sentenced him to imprisonment.

Section 1624.1 of the Selective Service Regulations, 32 C.F.R. 825, provides in substance that after being classified by the local board, a registrant shall upon written request therefor be given an opportunity to appear in person before the member or members of the local board designated for the purpose. Section 1624.2(a) provides that at the time and place fixed by the local board, the registrant may appear and that the fact of his appearance shall be entered in the "Minutes of Actions of Local Board and Appeal Board" on the Classification Questionnaire (SSS Form No. 100). Section 1624.2(b) provides that at any such appearance, the registrant may discuss his classification, may point out the class or classes in which he thinks he should have been placed, and may direct attention to any information in his file which he believes the local board has overlooked or to which he believes it has not been given sufficient weight; that he may furnish further information; and that such information shall be in writing, or, if oral, shall be summarized in writing. While it has been amended since, section 1624.2(c) in the form in which it existed at all times material here provides that after the registrant has appeared, the local board shall consider the new information which it receives and shall again classify the registrant in the same manner as if he had never before been classified. And disregarding a subsequently made amendment, section 1624.2(d) as it existed at all times material here provides among other things that after the registrant has appeared, the local board, as soon as practicable after it again classifies him, shall mail notice thereof on Notice of Classification (SSS Form No. 110) to the registrant.

Failure to accord a registrant the procedural rights provided by the regulations makes void an order to report for induction and constitutes a valid defense to a criminal charge of refusing to be inducted into the service. But a mere procedural irregularity in the administrative proceedings had under the Universal Military Training and Service Act, supra, which does not result in prejudice to the registrant is to be disregarded in determining the validity of the proceedings. Martin v. United States,

4 Cir., 190 F.2d 775, certiorari denied, 342 U.S. 872, 72 S.Ct. 115, 96 L.Ed. 656.

Appellant urges however that it was error for the trial court to find him guilty for the reason that the local board denied him procedural due process upon his personal appearance when it failed to consider his case de novo. Appellant had the right under the regulations to appear in person before the local board, to discuss his classification, to point out the class or classes in which he thought he should be placed, to direct attention to information in his file which he believed the local board had overlooked or to which it had not given sufficient weight, and to present such further information as he believed would assist the local board in determining his classification. But none of these rights was denied him, and he was not proscribed in the full exercise of any of them. He appeared in person before the local board. He made an oral statement which the board heard. And the record fails to indicate that he submitted or desired to submit anything else. Permitting appellant to appear in person, hearing his oral statement in full, and considering the whole thereof along with everything which preceded the personal appearance and the making of the statement, constituted the considering of the case de novo. No essential or constituent element of a consideration de novo was omitted or denied appellant.

The next contention is that the local board denied appellant procedural due process after his personal appearance when it failed to give him a new classification. After a registrant has appeared in person before the local board, it is the duty of the board to make a new classification of him. United States v. Stiles, 3 Cir., 169 F.2d 455; Knox v. United States, 9 Cir., 200 F.2d 398. The board did not enter in formal language or phraseology a carefully prepared order denominated new classification in which it was stated in spelled-out words that appellant had been again classified. But it did determine and advise him in writing that his case had been reopened; that his request for a IV–D classification was denied; and that he had the same right of appeal as he had at the time of his original classification. Stripped of technicality and fairly construed, the substance of the communication was that appellant was denied a IV–D classification; that he was in class I–A; and that he had the right of appeal from such action. That was tantamount to again placing him in class I–A, and it constituted substantial compliance with the requirements of section 1624.2(c) of the regulations. To hold otherwise would be to quibble over terminology, with no support in the Act or the regulations. Martin v. United States, supra.

The remaining attack upon the judgment is that the local board denied appellant procedural due process following his personal appearance when it failed to give him notice of its action by mailing to him the required service card, SSS Form No. 110. After a registrant has appeared before the local board and has been classified anew, failure to give him notice of the action of the board is fatal to the validity of a subsequent order to report for induction and constitutes a valid defense to a criminal charge of refusing to be inducted. United States v. Stiles, supra; Knox v. United States, supra; United States v. Fry, 2 Cir., 203 F.2d 638. The local board did not mail to appellant notice of its action on SSS Form No. 110. But it did mail to him a letter giving him all of the information to which he was entitled concerning its action upon his request for classification IV–D. From such communication, he understood the action of the board; and he acted upon the information received in that manner by promptly perfecting an appeal. The purpose of the written notice on the selective service card is to afford the registrant full opportunity to pursue his right of appeal. Furnishing appellant the information by letter rather than on the official form prescribed for that purpose constituted a mere irregularity which in no manner prejudiced him, and it does not render infirm the charge contained in the information. Martin v. United States, supra.

The judgment is affirmed.