**UNITED STATES v. WITMER.**

No. 11185.

United States Court of Appeals, Third Circuit.

Argued Feb. 2, 1954.

Decided May 13, 1954.

Hayden C. Covington, Brooklyn, N. Y., for appellant.

J. Julius Levy, U. S. Atty., Scranton, Pa. (Stephen A. Teller, Asst. U. S. Atty., Wilkes-Barre, Pa., on the brief), for appellee.

Before GOODRICH, McLAUGHLIN and HASTIE, Circuit Judges.

PER CURIAM.

This case, like its companion case of United States v. Hagaman, 3 Cir., 213 F.2d 86, which opinion is filed this day, raises two questions. One is the procedural point. This point is exactly like that in the Hagaman case in that the registrant was notified orally, after personal appearance before the local Board, that his classification would not be changed. He was not given a written notice. But he did have knowledge of the Board's action and he did have his appeal. What we have said in Hagaman, and our reliance there on the Martin (Martin v. United States, 4 Cir., 190 F.2d 775) and Atkins (Atkins v. United States, 10 Cir., 204 F.2d 269) decisions, applies here.

The other point in the case is the claim that the Board's classification had no basis in fact. Witmer claimed agricultural, ministerial, and conscientious objector classifications in a series of claims. Of course this is not, itself, conclusive; a man has a right to raise as many points as he has. But there were inconsistencies in his claims; he was willing to help the war effort by raising food for it, he said, but not to bear arms. His ministerial claim was easily negatived. After going through the record

we think there was ample to let the administrative authorities conclude that none of his claims was well-founded.

The whole matter was thoroughly discussed by Judge Murphy in his opinion, D.C.M.D.Pa.1953, 115 F.Supp. 19, and we cannot add helpfully to it except to point out that since it was written the Ninth Circuit, 203 F.2d 336, was reversed in the Dickinson case by the Supreme Court, Dickinson v. United States, 1953, 346 U. S. 389, 74 S.Ct. 152.

The judgment of the district court will be affirmed.