UNITED STATES of America,

v.

Roland Roscoe COOPER.

Cr. No. 14010.

United States District Court
W. D. Pennsylvania.

Sept. 17, 1954.

John W. McIlvaine, U. S. Atty., W. Wendell Stanton, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

Michael Hahalyak, Pittsburgh, Pa., for defendant.

FOLLMER, District Judge.

The motion of defendant for a judgment of acquittal in this case is predicated on his contention that the classification of I–A which was given him by the National Selective Service Appeal Board on April 22, 1953, was arbitrary and capricious and without basis in fact. The case is beset with more than its fair share of complexities.

Following the receipt of the questionnaire which requested a IV–D (ministerial) classification, and the Conscientious Objector Form SSS–150, defendant was classified IV–E by his Local Board. This classification was later changed to I–O to conform with amended regulations. From this classification defendant appealed and shortly thereafter withdrew his claim for a Conscientious Objector classification.

In due course the Appeal Board advised the United States Attorney that it was of the opinion defendant was not entitled to a classification lower than Class I–O or to Class I–O and requested the customary advisory opinion from the Department of Justice. The defendant was then given a hearing by the Hearing Officer.

The Department of Justice in turn reported to the Appeal Board, inter alia, that the investigative report revealed that various persons interviewed advised that registrant was a person of good reputation and character, that he has been an active member of the Jehovah's Witnesses for approximately ten years and was, in their opinion, sincere in his religious beliefs and conscientious objector position. As to the hearing before the Hearing Officer, the Department stated:

"Registrant appeared at the hearing accompanied by Thomas F. Rowe who came as an adviser. The Hearing Officer stated that both registrant and Mr. Rowe came to the hearing believing that Mr. Rowe would be permitted to give registrant the proper answer to any question that might be asked. He further stated that when he was not permitted to do so, registrant seemed to know nothing of the teachings of the Watchtower Bible and Tract Society and to have no definite opinion as to what he believed.

"The Hearing Officer noted that although the file contains an abundance of statements regarding registrant's beliefs, the hearing failed to disclose any knowledge of what he himself believed. He concluded that it is difficult to believe, therefore, that registrant holds as his belief any of the principles set forth in these statements and he found that registrant has failed to estab-

lish that he is by reason of religious training and belief conscientiously opposed to war in any form."

The Department then concluded:

"After consideration of the entire file and record, the Department of Justice finds that the registrant's objections to combatant and non-combatant service are not sustained. It is, therefore, recommended to your Board that registrant's claim for exemption from both combatant and non-combatant training and service be not sustained."

Following the receipt of the advisory report aforesaid, the Appeal Board by a vote of 4 to 0 classified defendant I–A. Defendant then requested consideration as a conscientious objector and was advised that the evidence submitted did not warrant the reopening of his classification and that the I–A classification would remain. He subsequently refused induction, was indicted, and tried by the Court without a jury.

A careful review of the whole record convinces me that the Board was clearly right in refusing to give the defendant a IV–D (ministerial) classification. The sole question here is whether there is no basis in fact for the I–A classification finally given defendant.[1] I am of the opinion there is such basis in fact.

Unlike the situation in United States v. Hagaman, 3 Cir., 213 F.2d 86, the Appeal Board here did have substantial additional evidence before voting unanimously 4 to 0 for a I–A classification. That additional evidence included reports of the F.B.I. and the Hearing Officer. The former consisted of opinion testimony of various persons interviewed, while the latter was a logical and convincing summary of a personal interview with defendant and his Jehovah Witness associate, Rowe.

The Hearing Officer noted, as we have, that the file contains an abundance of statements regarding registrant's beliefs. The Hearing Officer did not so state but it is quite obvious that aside from the letters of associate members of the sect and portions of defendant's letters, the vast majority of the statements are "canned."

Defendant was put to his first real test at his hearing before the Hearing Officer. He was then on his own. He appeared before the Hearing Officer with his associate, Rowe, a Presiding Minister of the sect, believing, according to the Hearing Officer, that Rowe would be permitted to give defendant the proper answer to any question that might be asked. When he was advised that such procedure would not be permitted, he was unable to give any idea as to the teachings of Watchtower Bible and Tract Society, nor any definite opinion as to what he believed. The Hearing Officer was unable to arrive at any conclusion as to what defendant believed and, in consequence thereof, concluded that defendant had failed to establish that he is by reason of religious training and belief conscientiously opposed to war in any form.

I therefore conclude that the Board had adequate basis in fact in the record to deny defendant classification as a minister (IV–D) and as a conscientious objector (I–O),[2] and that there is nothing in the record to justify any contention that the Board acted arbitrarily or capriciously,[3] or on a basis of bias or prejudice,[4] or that defendant was denied a procedural right,[5] which denial was prejudicial to his substantial rights.[6]

1. Estep v. United States, 327 U.S. 114, 122, 66 S.Ct. 423, 90 L.Ed. 567.

2. Cox v. United States, 332 U.S. 442, 453, 68 S.Ct. 115, 92 L.Ed. 59; Martin v. United States, 4 Cir., 190 F.2d 775; Neal v. United States, 5 Cir., 203 F.2d 111.

3. Seele v. United States, 8 Cir., 133 F.2d 1015.

4. Swaczyk v. United States, 1 Cir., 156 F. 2d 17, 19.

5. United States v. Grieme, 3 Cir., 128 F. 2d 811; Atkins v. United States, 10 Cir., 204 F.2d 269.

6. United States ex rel. Woodard v. Deahl, 8 Cir., 151 F.2d 413.

Again, as distinguished from the action of the Appeal Board in the Hagaman case, supra, the Appeal Board here acted in strict conformity with Selective Service Regulation, 32 C.F.R. § 1626.25(c) in that it did "consider" the report of a de novo hearing before the examiner and the resulting recommendation of the Department of Justice and did predicate its decision on such report and recommendation, which report contained facts which fully justified the Department's recommendation and the Appeal Board's subsequent reclassification. Furthermore, in the light of the findings of the Hearing Officer, there would seem to be ample basis for the conclusion of the administrative body that, within the scope and meaning of the Selective Service Act, 50 U.S.C.A. Appendix, § 451 et seq., defendant's claim to be a conscientious objector lacked sincerity and conviction.[7]

Defendant's motion for a judgment of acquittal will be denied.

7. United States v. Hagaman, supra, Goodrich dissent.