**UNITED STATES of America**
v.
**Frank MEKOLICHICK, Jr.,**
**Appellant.**
**UNITED STATES of America**
v.
**David Charles WENNER, Appellant.**
**Nos. 11794, 11795.**

United States Court of Appeals
Third Circuit.

Argued April 13, 1956

Decided June 1, 1956.

Rehearing Denied Aug. 15, 1956.

Hayden C. Covington, Brooklyn, N. Y., for appellants.

Stephen A. Teller, Asst. U. S. Atty., Scranton, Pa. (J. Julius Levy, U. S. Atty., Scranton, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and McLAUGHLIN and STALEY, Circuit Judges.

McLAUGHLIN, Circuit Judge.

These two Selective Service cases present the same major problem with an additional proposition raised in the Wenner appeal.

In Mekolichick, the registrant asserted he was a minister of religion and a conscientious objector. The board denied both claims. He was given a personal hearing, thereafter reclassified as I-O and assigned to civilian work. He reported, undertook the hospital work assigned him and was classified I-W. He worked about four months and then left the hospital. At the trial Mekolichick testified that he made an inspection of the bulletin board of the draft board and there were no names and addresses of advisors to registrants posted.

Wenner in his questionnaire stated he was a student for the ministry and a conscientious objector. He was classified I-A, given a personal appearance hearing and the classification continued. On appeal the matter was sent back to the local board which, without reclassifying the registrant, returned the file to the appeal body. The appeal board classified Wenner as I-O and assigned him to hospital work. He reported for work and was classified I-W. He stayed for something less than a month, turned in his key and left the hospital.

It was stipulated that Wenner would give the same testimony as Mekolichick regarding his inspection of the bulletin board and that no notice of names and addresses of advisors to registrants was posted nor did any board member tell him they had advisors for registrants.

The common point is that the local board denied appellants procedural due process of law and invalidated the work orders by failing to post the names of advisors to registrants conspicuously in the local board office as required by Section 1604.41 of the Selective Service Regulations (32 C.R.F. § 1604.41). That section at the time read:

"Advisors to registrants shall be appointed by the Director of Selective Service upon recommendation of the State Director of Selective Service to advise and assist registrants in the preparation of questionnaires and other selective service forms and to advise registrants on other matters relating to their li-

abilities under the selective service law. Every person so appointed should be at least 30 years of age. The names and addresses of advisors to registrants within the local board area shall be conspicuously posted in the local board office."

The section was amended on February 3, 1955 by changing the word "shall" in the first sentence to "may", making the appointment of advisors discretionary with the Director.

 It is true that the trial court found as to both defendants that "It is the undisputed testimony of the defendant that the list of advisors was not published as provided for in the Regulations." However, it is also true that there is no testimony by Mekolichick or anyone else as to whether there was a list posted at the time these matters were pending before the Selective Service. The record rather indicates that the check up by Mekolichick was made after his claim had been completely processed; certainly there is enough to require the return of these appeals to the district court to clarify that issue if it were dispositive here. But there is no necessity to follow that procedure for, assuming that the names and addresses of advisors were not posted, under the admitted facts, these cases are without merit.

Plainly there was no denial by the board of assistance to these registrants. If, as is now circuitously argued for them, they did inspect the bulletin board for a list of advisors while their claims were being considered they knew of that procedure but never requested a list or other assistance.

What really occurred in these claims is that Selective Service painstakingly passed upon everything appellants had to offer. The facts and proper inferences therefrom strongly indicate expert assistance to appellants in the preparation of their answers to the questionnaires and that nothing was neglected in the full presentation of their claims. If there was failure to post a notice of the names and addresses of advisors that omission did not cause harm in any degree to appellants.

It was conceded in the district court that the ministerial status contentions were without merit and they were withdrawn. The allegation of lack of due process in connection with them was however reserved. Registrants were ultimately upheld in their stand as conscientious objectors and assigned to hospital employment at the Pennsylvania Tuberculosis Sanatorium. Both of them regularly reported for duty. Mekolichick worked four months and quit. He gave as the reason at that time "it [was] his duty to be a minister regardless of consequences." Wenner qualified for a hospital position and was so classified. Within a month he, too, left. The reason he stated for his act was that the position interfered with his ministerial duties.

 In other words, despite the assumed failure to post the names of advisors, these appellants, after exhaustive Selective Service hearings, were allowed exactly what they sought. Irrespective of this conceded result it is argued on their behalf that the alleged failure to post names of advisors was fatal as a violation of due process. Our Zeiber and Stiles opinions [1] are erroneously cited as supporting this assertion. In both those decisions the violation of the procedural regulation prejudiced the rights of the registrants. The Hagaman and Witmer cases in this circuit [2] are much more in point. Although the particular regulation there involved was not technically observed no prejudice to the defendants was found. Witmer's conviction was sustained and Hagaman reversed on other grounds. As was said in the latter opinion 213 F.2d at page 91: " * * * where there has been substantial compliance, so that a man has had all the con-

1. United States v. Stiles, 3 Cir., 1948, 169 F.2d 455; United States v. Zieber, 3 Cir., 1947, 161 F.2d 90.

2. United States v. Hagaman, 3 Cir., 1954, 213 F.2d 86; United States v. Witmer, 3 Cir., 1954, 213 F.2d 95.

sideration due him, the courts have refused to reverse for mere technical irregularities. That, we believe, works substantial justice."[3] In United States v. DeLime, 3 Cir., 1955, 223 F.2d 96, registrant had not been furnished with a fair resumé of the F.B.I. report and the lack of due process was urged. This court in upholding the conviction said at page 101: "* * * the defendant in the instant case could not have been prejudiced by the failure to furnish him with a fair resumé because the denial of conscientious objector status was necessitated by his own statements and was not based on any rebuttable information acquired from other sources as in Simmons [Simmons v. United States, 348 U.S. 397, 75 S.Ct. 397, 99 L.Ed. 453]. This is not a case where, despite a lack of prejudice, proceedings must be vitiated if procedural requirements are not met."

The exact situation was before the Ninth and Sixth Circuits very recently. In Uffelman v. United States, 1956, 230 F.2d 297, 302, the court held, "Since no prejudice is shown to have resulted from the Local Board's failure to have the Director of Selective Service to appoint 'advisors to registrants' and its consequent failure to post the names of such advisors in its office, we hold that there is no merit to this first 'question' presented by the appellant." And in Rowton v. United States, 1956, 229 F.2d 421, 422, certiorari denied 76 S.Ct. 788, the court in affirming convictions held, "The failure of the local board to post the names of advisors to registrants as required did not operate to the prejudice of these appellants. 28 U.S.C.A. § 2111; Fed.Rules Crim.Proc. rule 52(a), 18 U.S. C.A. They were not denied a fair and reasonable opportunity to present their claims."

■ The point separately argued on behalf of appellant Wenner is alleged denial of due process because the local board did not notify him prior to sending his file to the appeal board.

Wenner's file, at his request, was forwarded to the appeal board on July 20, 1951. It was returned to the local board July 23, 1951, "Without action". The reason for this is not mentioned in the "Minutes of Action by Local Board and Appeal Board" or otherwise in the record. The local board scheduled another hearing for November 25, 1952. On that date the entry in the minutes reads, "Reg. reported for hearing. Bd. requested folder be forwarded to Appeal Board *for decision, per request 7/19/51, registrant.*" (Emphasis supplied.) The file having come back from the appeal board without action by that body and apparently through misunderstanding or clerical error, it was again set down for hearing by the local board. On the fixed date, since the appeal board had not passed upon the case as requested by registrant, *the file was again forwarded to that tribunal for its consideration.* This course was precisely in accord with the expressed wish of registrant and presumably decided upon in his presence when the local board was faced with the fact that the appellate group had not yet considered the merits of the appeal. There was undoubtedly actual notice to registrant but aside from that there was no prejudice to him. The facts in Hagaman and Witmer, supra, were quite similar with no formal reclassification or notice by mail thereof. As in those cases Wenner had knowledge of the board's action and he did have his appeal. The board functioned admirably in this instance. It insisted that registrant be allowed his full rights and he was. Under the facts the detail overlooked by the board was not important. Martin v. United States, 4 Cir., 1951, 190 F.2d 775; Atkins v. United States, 10 Cir., 1953, 204 F.2d 269.

The judgments of the district court will be affirmed.

---

3. Though this language appears in the partial dissent of Judge Goodrich, it represents "the opinion of all the members of the Court." 213 F.2d at page 90.